## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Commack Hospitality, LLC. | ) | Case No. 14-70931 (AST) |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |
|  | ) | **Hearing Date:** |
|  | ) | **Objection Deadline:** |

## CHAPTER 11 PLAN OF REORGANIZATION FOR COMMACK HOSPITALITY LLC

## INTRODUCTION

Commack Hospitality, LLC ("Commack" or the "Debtor") proposes this Plan pursuant to Bankruptcy Code Section 1121(a). Reference is made to the Disclosure Statement distributed contemporaneously herewith for a discussion of the Debtor's history, business, properties, results of operations, resolution of certain disputes and liquidation and risk factors.

COMMACK, AS PROPONENT, URGES ALL HOLDERS OF CLAIMS TO READ THIS PLAN AND THE DISCLOSURE STATEMENT IN THEIR ENTIRETY. NO SOLICITATION MATERIALS OTHER THAN THE DISCLOSURE STATEMENT AND ANY DOCUMENTS, SCHEDULES OR EXHIBITS ATTACHED THERETO OR REFERENCED THEREIN HAVE BEEN AUTHORIZED BY THE PROPONENT FOR THE BANKRUPTCY COURT FOR USE IN SOLICITING ACCEPTANCES OR REJECTIONS OF THIS PLAN.

## SUMMARY OF PLAN

This Plan, provides for the reorganization of Commack, its assets and business. As more fully set forth in the Plan, Commack's Secured Creditor (Class I) will retain its lien on the Property and will receive an account of its Allowed Claim, deferred cash payments totaling at least the allowed amount of the Secured Creditor's Claim as of the Effective Date of this Plan. Under the Plan, Commack will pay the Secured Creditor $100,000 per month for sixty months starting on the first day of the month first beginning after the Effective Date, with the balance of the Allowed Claim being paid thirty (30) days after the last of these installment payments. The payments shall be applied to reduce the Secured Creditor's Claim based upon a thirty-year amortization schedule, with interest on the unpaid balance at the rate of 4.5% per annum. To the extent that the monthly payments are in excess of the amount required to amortize such a loan, the excess shall be applied to reduce the principal amount of the Claim. In addition, on the Plan's Effective Date, the Second Creditor shall receive Available Cash in reduction of its Allowed Claim. The Plan provides for the realization of the Secured Creditor of the indubitable equivalent of its Allowed Claim.

General Unsecured Creditors (Class II) shall receive 50% on account of their Allowed Claims.  On or about the Effective Date, a Pro Rata payment of $300,000 will be made to this Class.  Starting on the first day of the month first beginning after the Suffolk County Classified Claim shall have been paid in full, each Holder of an Allowed General Unsecured Claim shall also receive its Pro Rata Share of $30,000 until such time as the aggregate Distribution to each Holder of a Class II Claim receives 50% of its Allowed Claim.

The Holder of the Suffolk County Classified Claim (Class III) shall receive on or about the Effective Date, $40,000 per month or an amount needed to satisfy the Claim if the Allowed amount of the Claim is less than $40,000.  Upon full payment of the Suffolk County Classified Claim, starting on the first day of the month first beginning after the Suffolk County Classified Claim shall have been pad in full, the Holder of the Suffolk County Unclassified Claim shall commence receiving $40,000 per month until the Claim shall have been paid in full.

## Article I

## DEFINITIONS, CONSTRUCTION AND INTERPRETATION

The capitalized terms used herein shall have the respective meanings set forth below.  A capitalized term used herein that is not defined in this Article, or otherwise defined in the Plan, shall have the meaning, if any, ascribed to that term in the Bankruptcy Code.  To the extent there is an inconsistency between the definition in this Plan and the definition in the Bankruptcy Code, the definition set forth in this Plan shall control.  The rules of construction contained in Bankruptcy Code section 102 shall apply to the construction of this Plan, provided, that in the event of any conflict between the Plan and the Disclosure Statement, the Plan shall govern.  In the event of a conflict between the Plan, and any document implementing the Plan, the document shall govern unless the Plan expressly provides otherwise.  In the event of a conflict between the Plan and the Confirmation Order, the Confirmation Order shall govern.  Whenever the context requires words denoting the singular number shall include the plural and vice versa and words denoting one gender shall include the other gender and vice versa.  All exhibits and schedules to the Plan are incorporated herein, all exhibits to the Plan and any Plan supplement have been or will be filed electronically with the Bankruptcy Court.  Copies of these exhibits and the Plan supplement, if any, may be viewed and/or downloaded from the Bankruptcy Court Pacer website.

## DEFINITIONS OF TERMS UTILIZED IN THE PLAN

Unless the context otherwise requires or a term is defined within the Plan itself, the following terms shall have the respective meanings set forth below.

1.1    **Administrative Claim:**  Any cost or expense of administration of the Case allowed by the Bankruptcy Court pursuant to § 503(b) of the Bankruptcy Code, including Professional Fee Claims.

1.2    **Allowed Claim:**  Any Claim (i)(a) for which a proof of claim was timely Filed with the Bankruptcy Court by the Bar Date; or (b) that is listed in the Schedules and not listed as disputed, contingent or unliquidated as to amount; and, in either case, as to which no objection to the allowance thereof has been Filed by the Effective Date or (ii) which has otherwise been

allowed by a Final Order.  Unless otherwise specified in the Plan, an "Allowed Claim" shall not include: (i) untimely Filed Claims or requests for administrative expenses, (ii) interest on the principal amount of the Allowed Claim from and after the Petition Date, and (iii) any punitive damages.  All Allowed Claims shall be calculated in United States currency and any Allowed Claim based on other currencies shall be converted to United States currency at the applicable conversion rate in effect on the Plan's Effective Date.

1.3    **Allowed Class . . . Claim:**  An Allowed Claim in a designated Class.

1.4    **Assets:**  Any and all right, title, and interest of the Debtor in and to property of whatever type or nature.  For avoidance of doubt, the term Assets includes the Property.

1.5    **Available Cash.**  Cash on hand in the Debtor's Estate as of the Effective Date minus (i) the amount necessary to pay estimated accrued and unpaid Administrative Expenses; and (ii) the $300,000 to be paid to Holders of Class II Claims on or about the Effective Date, and (iii)a reserve of $150,000; and (iv) the amount necessary to pay Allowed Priority Claims.

1.6    **Avoidance Actions:**  Any and all actions, proceedings, accounts, controversies, agreements, promises, claims, and rights of the Debtor to avoid or recover a transfer of property of any of the Debtor's estate or an interest of the Debtor in property, including, without limitation, actions arising under §§ 506, 510, 541, 542, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code and any other applicable federal, state, or common law, including fraudulent transfers, whether or not litigation has been commenced with respect to such Causes of Action as of the Effective Date, except those Avoidance Actions previously waived by the Debtor pursuant to any Final Order.

1.7    **Ballot:**  The Ballot or Ballots accompanying the Plan pursuant to which Holders of Impaired Claims in Classes I, II and III must execute in order to accept or reject the Plan.

1.8    **Bankruptcy Code:**  Title 11 of the United States Code, as in effect on the Petition Date and as thereafter amended, if such amendments are made applicable to the Cases.

1.9    **Bankruptcy Court:**  The United States Bankruptcy Court for the Eastern District of New York, or in the event such court ceases to exercise jurisdiction over any Case, or any proceeding therein, such court or adjunct thereof that exercises jurisdiction over such Case in lieu of the United States Bankruptcy Court for the Eastern District of New York.

1.10    **Bankruptcy Rules:**  The Federal Rules of Bankruptcy Procedure pursuant to Title 28 of the United States Code, 28 U.S.C. § 2075, as they have been or may hereafter be amended.

1.11    **Bar Date:**  The date by which a proof of claim will be required to be Filed pursuant to the Bar Date Order.

1.12    **Bar Date Order:**  An Order entered by the Court establishing certain deadlines and procedures to file proofs of claim, which may include the order approving the Disclosure Statement.

1.13    **Business Day:**  Any day except a Saturday, Sunday or any day on which commercial banks in the State of Delaware are authorized or required by applicable law to close.

1.14    **Case:**  With respect to the Debtor, the Chapter 11 case initiated by the filing of a petition for relief in the Bankruptcy Court under Chapter 11 of the Bankruptcy Code.

1.15    **Cash:**  Legal tender of the United States of America and equivalents thereof.  Cash shall include money on hand as of the Effective Date.

1.16    **Causes of Action:**  Any and all actions, causes of action, proceedings, controversies, liabilities, obligations, rights, suits, indebtedness (for borrowed money or in the nature of a guarantee), damages, judgments, claims, objections to Claims, benefits of subordination of Claims, demands, debts, liens, contracts, agreements, promises, representations, torts, damages, costs, losses, attorneys' fees, moneys due on account, obligations, judgments or liabilities of any kind whatsoever, whether known or unknown, anticipated or unanticipated, suspected or unsuspected, reduced to judgment, liquidated or unliquidated, fixed or contingent, matured or unmatured, disputed or undisputed, secured or unsecured, assertable directly or derivatively, existing or hereafter arising in law, equity arising out of agreement or imposed by statute, common law or otherwise, including but not limited to Avoidance Actions.

1.17    **Claim:**  A claim, as defined in § 101(5) of the Bankruptcy Code, against the Debtor whether or not asserted or Allowed.

1.18    **Claims Objection Deadline:**  The end of the day on the date that is sixty days after the Effective Date; provided, however, that such date may be extended as  provided in the Plan..

1.19    **Class:**  A category of Claims or Interests designated pursuant to the Plan.

1.20    **Class . . . Claim/Interest:**   The specific Class into which Allowed Claims or Allowed Interests are classified pursuant to the Plan.

1.21    **Confirmation:**  Entry by the Bankruptcy Court of the Confirmation Order.

1.22    **Confirmation Date:**   The date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.23    **Confirmation Hearing:**   Collectively, the hearing or hearings held by the Bankruptcy Court on confirmation of the Plan, as such hearing or hearings may be continued from time to time.

1.24    **Confirmation Order:**  The order of the Bankruptcy Court confirming the Plan.

1.25    **Creditor:**  Holder of an Allowed Claim or an Allowed Administrative Claim.

1.26    **Debtor:**  Commack Hospitality, LLC, also referred to as "Commack".

1.27    **Disallowed:**  A Claim or any portion thereof that is not Allowed.

1.28    **Disputed Claim:**   Any Claim, (i) proof of which has been Filed and to which an objection to the allowance thereof has been Filed before the Claim Objection Deadline and such objection has not been either (a) determined by a Final Order or (b) been settled by the parties

under a settlement approved by Final Order of the Bankruptcy Court pursuant to Bankruptcy Rule 9019; or (ii) which has not been otherwise Allowed by the Bankruptcy Court.

1.29    **Distribution(s):**    The Debtor's initial, interim and/or final distribution(s) of Cash and property to holders of Allowed Claims.

1.30    **Distribution Reserve:**    Cash in an amount equal to the Distribution or Distributions under applicable Classes of Claims that may be payable on account of Disputed Claims if allowed, which Cash will be held by the Debtor pending allowance of Disputed Claims, and then distributed on account of Allowed Claims in accordance with Article III of the Plan.

1.31    **Effective Date:**    The first Business Day on which each condition set forth in Article IX of the Plan has been satisfied or waived.

1.32    **Estate:**    The estate of the Debtor created pursuant to Section 541 of the Bankruptcy Code.

1.33    **File, Filed or Filing:**    File, filed or filing with the Bankruptcy Court or its authorized designee in the Case.

1.34    **Final Decree:**    The Order entered pursuant to § 350 of the Bankruptcy Code and Bankruptcy Rule 3022, closing the Case.

1.35    **Final Order:**    An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in the Case or the docket of any other court of competent jurisdiction, that has not been reversed, stayed, modified or amended, and as to which the time to appeal or seek certiorari or move for a new trial, reargument or rehearing has expired, and no appeal or petition for certiorari or other proceedings for a new trial, reargument or rehearing has been timely taken, or as to which any appeal that has been taken or any petition for certiorari that has been timely Filed has been withdrawn or resolved by the highest court to which the order or judgment was appealed or from which certiorari was sought or the new trial, reargument or rehearing has been denied or resulted in no modification of such order, provided, however, that the possibility that a motion under Rule 59 or Rule 60 of the Federal Rules of Civil Procedure, or any analogous rule under the Bankruptcy Rules or applicable state court rules of civil procedure, may be Filed with respect to such order shall not cause such order not to be a Final Order.

1.36    **General Unsecured Claim:**    Any Claim against the Debtor which is not a Secured Claim, an Administrative Claim, a Priority Non Tax Claim, a Priority Tax Claim, a Professional Fee Claim, the Suffolk County Classified Claim, the Suffolk County Unclassified Claim or an Interest.

1.37    **Holder:**    The Person that is the owner of record of a Claim or Interest, as applicable.

1.38    **Impaired:**    With respect to any Class of Claims or Interests, the Claims or Interests in such Class that are impaired within the meaning of § 1124 of the Bankruptcy Code.

1.39    **Interest:**    Either (i) the legal, equitable, contractual or other rights of any Person with respect to an equity interest in the Debtor, including any other interest in or right to convert into

5

such equity interest or (ii) the legal, equitable, contractual or other right of any Person to acquire or receive any of the foregoing.

1.40    **LIWEN:** The Long Island Women's Empowerment Network.

1.41    **LIWEN Lease:** The lease, as amended from time to time, dated March 19, 2013 between LIWEN and Commack for the Property.

1.42    **Local Rules:** The Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Eastern District of New York, as amended from time to time.

1.43    **Order:** An order or judgment of the Bankruptcy Court, or other court of competent jurisdiction, as entered on the docket in any Case or the docket of any other court of competent jurisdiction.

1.44    **Person:** An individual, limited liability company, corporation, partnership, association, trust or unincorporated organization, joint venture or other person or a government or any agency or political subdivision thereof.

1.45    **Petition Date:** March 10, 2014.

1.46    **Plan:** The Chapter 11 plan of reorganization, as the same may hereafter be amended or modified.

1.47    **Plan Supplement:** The exhibits, schedules, agreements and other documents as may be necessary or appropriate to effectuate and further evidence the terms and conditions of the Plan which, unless otherwise specified in the Plan shall be filed by the Proponent no later than ten (10) days before the Confirmation Hearing or such later date as may be approved by the Bankruptcy Court without further notice to parties in interest, and as may be amended thereafter.

1.48    **Priority Non-Tax Claim:** A Claim that is entitled to priority under § 507(a) of the Bankruptcy Code, other than an Administrative Claim and a Priority Tax Claim.

1.49    **Priority Tax Claim:** A Claim that is entitled to priority under § 507(a)(8) of the Bankruptcy Code.

1.50    **Pro Rata:** With respect to any Class of Claims, the percentage an Allowed Claim in the Class bears to the total amount of Allowed Claims on the Class

1.51    **Professional:** Any professional employed in the Case pursuant to §§ 327, 328 or 1103 of the Bankruptcy Code or any Professional or other Person seeking compensation or reimbursement of expenses in connection with the Case pursuant to § 503(b)(4) of the Bankruptcy Code.

1.52    **Professional Fee Claim:** A Claim of a Professional for compensation or reimbursement of costs and expenses relating to services incurred during the period from the Petition Date and to the Effective Date.

1.53    **Professional Fee Claim Bar Date:**  The date that is thirty (30) days after the Effective Date.

1.54    **Proponent or Plan Proponent:**  Commack.

1.55    **Property:** 801 Crooked Hill Road, Brentwood, New York 11717.

1.56    **Receiver:** Daniel Engstrom, appointed as a state court receiver for the Property by an order of the New York State Supreme Court, Suffolk County, in a pre-petition action commenced by GE Capital Commercial of Utah LLC ("GECC").

1.57    **Record Date:**  The Record Date shall be the date an order approving the Disclosure Statement shall have been entered.

1.58    **Record Holder:**  The Holder of an Interest or Claim as of the Record Date.

1.59    **Scheduled Claim:**  Any claim set forth on the Schedules.

1.60    **Schedules:**  The Schedules of Assets and Liabilities Filed by the Debtor, as such Schedules may be amended from time to in accordance with Bankruptcy Rule 1009.

1.61    **Secured Claim:**  The Claim held by Stabilis, its successor or any Entity to whom the Claim maybe assigned.

1.62    **Stabilis:** Stabilis Master Fund III, LLC, also referred to as the "Secured Creditor".

1.63    **Suffolk County Classified Claim:** The Claim based upon unpaid real estate taxes with respect to the Property not entitled to priority under section 507(a)(8)(B) of the Bankruptcy Code.

1.64    **Suffolk County Unclassified Claim:** The Claim based upon unpaid taxes which as of the Effective Date are subject to penalty as being past due (without regard to the stay provided by section 362(a) of the Bankruptcy Code) and entitled to priority under section 507(a)(8)(B) of the Bankruptcy Code.  The Holder of this Claim shall be entitled to post-Confirmation interest at the applicable statutory rate.

1.65    **Unclassified Claims:**  Claims which, pursuant to § 1123(a)(1) of the Bankruptcy Code, shall not be placed into a Class.  Unclassified Claims include Administrative Claims, Priority Claims and the Suffolk County Unclassified Claim.

1.66    **Unimpaired:**  With respect to a Class of Claims or Interests, any Class that is unimpaired within the meaning of  §1124 of the Bankruptcy Code.

1.67    **United States Trustee:**  The Office of the United States Trustee for the Eastern District of New York.

1.68    **Voting Classes:**  Classes I, II and III which are Impaired and entitled to vote on the Plan.

## Article II

### CLASSIFICATION AND PROVISIONS FOR TREATMENT OF CLAIMS AND INTERESTS

Pursuant to § 1122 of the Bankruptcy Code, set forth below is a designation of Classes of Claims against the Debtor.  A Claim is placed in a particular Class for the purposes of voting on the Plan and receiving Distributions pursuant to the Plan only to the extent that such Claim is an Allowed Claim in that Class and such Claim has not been paid, released or otherwise settled.  In accordance with § 1123(a)(1) of the Bankruptcy Code, Administrative Claims, Priority Claims and the Suffolk County Unclassified Claim have not been classified.  Pursuant to 11 U.S.C. § 1124, Classes I, II and III are impaired.

2.1     **Class I (Secured Claim).**  The Allowed Secured Claim shall receive the following treatment pursuant to the Plan, the Confirmation Order and such Plan Documents as the Debtor may, in its discretion, execute to effectuate the treatment provided hereunder:

(i)     A lien on the Property, which shall be deemed perfected upon entry of the Confirmation Order, provided that the Confirmation Order becomes a Final Order, as collateral for the Allowed Secured Claim;

(ii)     Available Cash to be paid on or about the Effective Date;

(iii)     Monthly payments (the "Installments") commencing on the first day of the first calendar month after the Effective Date, but which may be paid no later than five (5) Business Days after the Debtor receives the rent payment for that month from LIWEN.  Each Installment shall be in the amount of $100,000 per month.  There shall be sixty (60) Installments;

(iv)     Interest on account of the unpaid balance of the Allowed Secured Claim at the rate of 4.5% per annum;

(v)     The Installments shall be applied to principal and interest based upon a thirty-year amortization schedule.  To the extent that the Installments are in excess of the amount needed to amortize a thirty year self-amortizing loan with a 4,5% interest rate, the excess shall be applied to reduce the amount of the Allowed Secured Claim.  ;

(vi)     Thirty (30) days after payment of the last Installment, a payment equal to the unpaid amount of the Allowed Secured Claim plus any accrued and unpaid interest as provided for in the Plan;

(vii)     in the event that Commack sells the Property at any time prior to the payment of the last Installment, the purchaser shall have the right to assume Commack's obligations to the Holder of the Secured Claim under the Plan;

(viii)     In the event of a default by Commack of its payment obligations under the Plan, the Holder of the Secured Creditor shall have the right to apply, on such notice as the Bankruptcy Court may determine is appropriate, to move to vacate the injunction set forth in Article V of the Plan.

8

2.2    **Class II (Suffolk County Classified Claim).** The Holder of the Allowed Suffolk County Classified Claim shall receive the following treatment:  On or about the Effective Date, the lesser of $40,000 or the Allowed amount of the Claim and in the event that the Allowed Suffolk County Classified Claim exceeds $40,000, on the first day of each month, beginning with the month first beginning more than thirty (30) days from the Effective Date, but no later than five (5) Business Days after the Debtor receives the rent payment from LIWEN for that month, the lesser of $40,000 or the Allowed amount of the Claim. until the Allowed Suffolk County Classified Claim shall have been  paid in full.

2.3    **Class III (Unsecured Claims).** On or about the Effective Date, Holders of Allowed Unsecured Claims shall receive their Pro Rata share of $300,000.  In addition, on the first day of the month, but no later than five (5) Business Days after the Debtor receives the rent payment from LIWEN for that month, commencing with the month first beginning after the Suffolk County Classified Claim shall have been paid in full, each Holder of an Allowed Unsecured Claim shall receive its Pro Rata share of $30,000 until such time as the Holder shall have received aggregate payments on account of its Claim equal 50% of its Allowed Claim.

2.4    **Class IV (Equity Interests).**    Members of the Debtor will retain their membership interests in the Debtor under the Plan.

2.5    **Unclassified Claims (Suffolk County Unclassified Claim).**  This claim is for unpaid, past due real estate taxes, penalties and interest with respect to the Property which are entitled to priority under 11 U.S.C. § 507(a)(8)(B).  Treatment of this Claim shall be consistent with § 1129(a)(9)(C) and (D) of the Bankruptcy Code  After full payment of the Suffolk County Classified Claim, commencing on the month first beginning after said claim has been paid in full, $40,000 per month until the Claim shall have been paid in full.

2.6    **Unclassified Claims (Administrative Claims).**  Except to the extent that a Holder of an Allowed Administrative Claim agrees to a different treatment, each Holder of an Allowed Administrative Claim shall receive, in full satisfaction, settlement and release of and in exchange for such Allowed Administrative Claim, Cash in an amount equal to such Allowed Administrative Claim, either (i) as soon as reasonably practicable after the Effective Date or (ii) if the Administrative Claim is not Allowed as of the Effective Date, thirty (30) days after the date on which such Administrative Claim becomes an Allowed Administrative Claim; provided, however, that Allowed Administrative Claims representing obligations incurred in the ordinary course of business of the Debtor may be paid by the Debtor in the ordinary course, consistent with past practice of the Debtor and in accordance with the terms and subject to the conditions of any agreements governing, instruments evidencing, or other documents relating to, such transactions, without further action by the Holders of such Administrative Claims or further approval by the Bankruptcy Court.  All Holders of Administrative Claims, including fee Claims of Professionals, but not including those incurred by the Debtor in the ordinary course of business, must file a request with the Bankruptcy Court. on notice to Commack, for the allowance of the Claim no later than sixty (60) days of the Effective Date.  Such request must include at a minimum, (a) the name of the Holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim.  Failure to timely file the Claim may result in it being barred. Objections to such requests must be filed and served pursuant to the Federal Rules of Bankruptcy Procedure and applicable rules of the Bankruptcy Court within fifteen (15) days of the filing of the request.

9

2.7    **Unclassified Claims (Priority Claims).**  Holders of other Allowed Priority Claims shall be paid on or about the Effective Date

**Article III**

**IMPLEMENTATION AND EXECUTION OF THE PLAN**

3.1    **Sources of Cash For Plan Distribution.**  The sources of Cash necessary for the Debtor to pay Allowed Claims will be the Cash received from LIWEN under the LIWEN Lease and Cash turned over to Commack by the Receiver.

3.2    **Execution of Documents.**  The Debtor may execute all documents and instruments necessary to effectuate the Plan.

3.3    **Delivery of Distributions.**  Any Distribution shall be made to Holders of Allowed Claims: (i) at the address set forth on the proof of claim Filed by such Holder, (ii) at the address set forth in any written notices of address change Filed by such Holder, (iii) at the addresses reflected in the Schedules if neither a proof of claim nor a written notice of address change has been Filed, or (iv) if the Holder's address is not listed in the Schedules, at the last known address of such Holder according to the Debtor's books and records.  Except as otherwise provided for herein, ordered by the Bankruptcy Court, or otherwise, Distributions under the Plan shall commence as soon as is practicable on the later to occur of (a) the Effective Date, or (b) when a Claim becomes an Allowed Claim.  The Debtor shall make all Distributions to Holders of Allowed Claims when due and payable hereunder.

If a Distribution to any Creditor is returned as undeliverable, no further Distributions to such Creditor shall be made unless and until the Debtor is notified of such Creditor's then-current address, at which time all missed Distributions shall be made to such Creditor without interest.  All claims for undeliverable Distributions shall be made on or before the ninetieth (90th) day after the Debtor's final Distribution under the Plan.  After such date, all property unclaimed by a Creditor shall revert to the Debtor.

3.4    **Procedures for Treating and Resolving Distributions as to Disputed Claims.**  No payments or Distributions will be made with respect to all or any portion of a Disputed Claim unless and until all objections to such Disputed Claim have been settled or withdrawn or have been determined by a Final Order, and the Disputed Claim has become an Allowed Claim.  All objections to Claims must be filed by the Debtor or any other party in interest on or before the Claims Objection Deadline provided that after the Effective Date, the Debtor shall have the exclusive right to file Claims Objections.  The Claims Objection Deadline may be extended by the Bankruptcy Court for cause shown.  The filing of a motion to extend the Claims Objection Deadline shall automatically extend the Claims Objection Deadline until a Final Order is entered on such motion.  In the event that such motion is denied, the Claims Objection Deadline shall be the later of the current Claims Objection Deadline (as previously extended, if applicable) or 30 days after the Bankruptcy Court's entry of an order denying the motion to extend the Claims Objection Deadline.

3.4.1    **Distribution Reserve.**  The Debtor will withhold the Distribution Reserve from the property to be distributed under the Plan and may request estimation for

10

any Disputed Claim that is contingent or unliquidated and will withhold the Distribution Reserve based upon the estimated amount of each such Claim as determined by the Bankruptcy Court. The Distribution Reserve shall be closed and extinguished when all Distributions and other dispositions of Cash required to be made therefrom under the Plan, the Confirmation Order, and any other order of the Bankruptcy Court or other court of competent jurisdiction have been made. Upon closure of the Distribution Reserve, all Cash held therein shall revert to the Debtor.

3.4.2 **Distributions After Allowance.** Payments and Distributions from the Distribution Reserve on account of a Disputed Claim, to the extent that such Disputed Claim ultimately becomes an Allowed Claim, will be made in accordance with provisions of the Plan that govern the Class in which such Claim is classified. Within thirty (30) days after the date when the order or judgment of the Bankruptcy Court allowing all or part of such Claim becomes a Final Order, the Debtor shall distribute to the Holder of such Claim any Cash allocated to such Claim in the Distribution Reserve that would have been distributed on the dates Distributions were previously made on account of Allowed Claims had such Claim been an Allowed Claim on such dates. All Distributions made under this Section of the Plan on account of an Allowed Claim shall be made as if such Claim had been an Allowed Claim on the dates Distributions were previously made to Allowed Claims.

3.5 **Effectuating Documents.** The Debtor shall be authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements or documents and take such other actions as may be necessary or appropriate to effectuate and implement the provisions of the Plan.

3.6 **Objections to Claims.** Except as provided herein and in section 3.4 of the Plan, any objection to the allowance of a timely-filed Claim which objection is not filed by the Claims Objection Deadline shall be deemed waived, and the Claim shall be an Allowed Claim in the amount set forth on the proof of claim Filed by the Holder of such Claim. No deadline is established by this Plan for filing objections to tardily-filed Claims.

3.7 **Preservation of Causes of Action.** Any and all Causes of Action accruing to the Debtor, including but not limited to Avoidance Actions, shall be preserved for, transferred to, the Debtor which shall have the exclusive right to prosecute and enforce any such Causes of Action. The Debtor may pursue, abandon, settle or release any or all such rights of action in its business judgment.

<u>**Article IV**</u>

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

4.1 **Background.** As of Confirmation, and conditioned on the occurrence of the Effective Date, the LIWEN Lease shall be assumed unless otherwise previously assumed by order of the Bankruptcy Court. All other executory contracts shall be deemed rejected on Confirmation.

## Article V

## EFFECT OF PLAN CONFIRMATION AND EFFECTIVE DATE

5.1    **Binding Effect.**

From and after the Effective Date, the Plan shall be binding upon and inure to the benefit of the Debtor, all former, present and future Holders of Claims and Interests, and their respective successors and assigns, and all other parties in interest in the Bankruptcy Case. Confirmation of the Plan binds each Holder of a Claim or an Interest to the terms and conditions of the Plan, whether or not such Holder has accepted the Plan.

5.2    **Vesting of Assets.**

Except as otherwise provided in the Plan and the Confirmation Order, all property and Assets of the Debtor shall vest in the Debtor free and clear of all Claims, Interests, liens, encumbrances, charges and other interests. Commencing on the Effective Date, the Debtor may deal with its Assets and the Property and conduct its business without any supervision by, or permission from, the Bankruptcy Court or the Office of the United States Trustee, and free of any restriction imposed on the Debtor by the Bankruptcy Code or by the Bankruptcy Court during the Bankruptcy Case, other than any restrictions contained in the Plan and related documents.

5.3    **Assertion of Causes of Action, Defenses and Counterclaims.**

Except as set forth in the Plan or the Confirmation Order, effective as of the Effective Date without further action by any party, all Causes of Action, and all defenses, counterclaims, setoffs and rights related thereto, shall be and shall be deemed to be transferred to the Debtor. From and after the Effective Date, the Debtor shall have the exclusive right to prosecute, settle, or compromise any Cause of Action vested in or transferred to it under the Plan. The Debtor shall retain and may prosecute and enforce all other defenses, counterclaims, and rights that it has asserted or could assert against or with respect to all Claims asserted against it or property of its estate. No claim, right, Cause of Action, or other asset shall be deemed waived or otherwise forfeited by virtue of the Debtor's failure to identify such property in the Schedules or the Disclosure Statement unless otherwise ordered by the Bankruptcy Court.

5.4    **Discharge of Debtor.**

**Except as provided in the Bankruptcy Code, the Plan or the Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against and Interests in the Debtor of any nature whatsoever, whether known or unknown, or against the assets or properties of the Debtor that arose before the Effective Date. Except as provided in the Bankruptcy Code, the Plan or the Confirmation Order, upon the Effective Date, entry of the Confirmation Order acts as a discharge and release under Bankruptcy Code section 1141(d)(1)(A) of all Claims against and Interests in the Debtor and its Assets, arising at any time before the Effective Date, regardless of whether a proof of Claim or Interest was filed, whether the Claim or Interest is Allowed, or whether the Holder of the Claim or Interest**

votes to accept the Plan or is entitled to receive a Distribution under the Plan.  Except as provided in the Plan or the Confirmation Order, upon the Effective Date, any Holder of a discharged Claim or Interest will be precluded from asserting against the Debtor or any Assets of the Debtor any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date.  Except as provided in the Plan or the Confirmation Order, and subject to the occurrence of the Effective Date, the Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor to the extent allowed under Bankruptcy Code section 1141, and the Debtor will not be liable for any Claims or Interests and will only have the obligations as are specifically provided for in the Plan.

5.5    **Injunction.**

Except as otherwise provided in the Plan, the Confirmation Order shall provide that from and after the Effective Date, all Holders of Claims against and Interests in the Debtor are permanently enjoined from taking any of the following actions against the Debtor:  (a) commencing or continuing in any manner or in any place, any action or other proceeding; (b) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance or lien; (d) asserting a setoff, subrogation, or recoupment of any kind against any debt, liability, or obligation due to the Debtor; and (e) commencing or continuing, in any manner or in any place, any action that does not conform to or comply with, or is inconsistent with, the provisions of the Plan; provided, however, that nothing contained herein shall preclude such Persons from exercising their rights pursuant to and consistent with the terms of the Plan or the Confirmation Order.  If allowed by the Bankruptcy Court, any Person injured by any willful violation of such injunction shall recover actual damages, including costs and attorneys' and experts' fees and disbursements, and, in appropriate circumstances, may recover punitive damages, from the willful violator.

5.6    **Exculpation.**

To the greatest extent permissible by law, the Debtor and its respective members, managers, partners, officers, directors, employees and agents (including any attorneys retained by such Persons) shall have no liability to any Holder of any Claim or Equity Interest for any act or omission in connection with, or arising out of, the Chapter 11 Case, the Plan, the Disclosure Statement, the pursuit of confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for willful misconduct or gross negligence as determined by a Final Order of the Bankruptcy Court and, in all respects, shall be entitled to rely on the advice of counsel with respect to their duties and responsibilities under the Plan.

5.7    **Term of Bankruptcy Injunction or Stays.**

Unless otherwise provided herein or an order of the Bankruptcy Court (including without limitation the Confirmation Order), all injunctions or stays provided in the Bankruptcy Cases under Bankruptcy Code section 105 or 362, or otherwise, and in existence on the Confirmation Date, shall remain in full force and effect until the Effective Date.  Upon the Effective Date, the injunction provided in Section 5.5 of the Plan shall be effective.

## Article VI

## OBJECTIONS TO CLAIMS AND INTERESTS; DISTRIBUTIONS

6.1 **Objections to Claims and Interests.**

Upon the Effective Date, the Debtor shall have the exclusive right to file objections to Claims and Interests under the Plan.

6.2 **Objection Deadline.**

Except as set forth in Section 2.6 of the Plan with respect to Administrative Claims, any objections to Claims and Interests must be filed no later than sixty (60) days after the Effective Date. An objection to a Claim or Interest will be deemed properly served on the Holder thereof if service is effected by any of the following methods: (a) in accordance with Federal Rule of Civil Procedure 4, as modified and made applicable by Bankruptcy Rule 7004; (b) to the extent counsel for a Holder is unknown, by first class mail, postage prepaid, on the signatory on the proof of Claim or Interest or other representative identified on the proof of Claim or Interest or any attachment thereto; (c) by first class mail, postage prepaid, on any counsel that has appeared on the behalf of the Holder in the Bankruptcy Case; or (d) if no proof of Claim or Interest has been filed, by first class mail, postage prepaid, on the Holder of such Claim or Interest at the address set forth in the Schedules.

6.3 **Settlement of Objections to Claims or Interests.**

From and after the Effective Date, the Debtor is authorized to approve compromises of all Claims or Interests, Disputed Claims or Interests, and liens pursuant to Bankruptcy Rule 9019(b) and to execute necessary documents, including lien releases (subject to the written consent of the party having such lien) and stipulations of settlement, compromise or release, without further order of the Bankruptcy Court.

6.4 **No Interest on Claims.**

Unless otherwise specifically provided for in the Plan, the Confirmation Order or as maybe required by applicable bankruptcy law, post-petition and post-Confirmation interest shall not accrue or be paid on Claims or Interests, and no Holder of a Claim or an Interest shall be entitled to interest accruing on or after the Petition Date. Additionally, and without limiting the foregoing, interest shall not accrue or be paid on any Disputed Claim or Interest for the period from the Petition Date to the date a Distribution is made when and if such Disputed Claim or Interest becomes an Allowed Claim or Interest.

6.5 **Setoffs by the Debtor; No Waiver.**

The Debtor may but shall not be required to, set off against any Claim or Interest or any payment or Distribution to be made pursuant to the Plan in respect of such Claim or Interest, any Claim or Cause of Action of any nature whatsoever that the Debtor may have to the fullest extent permitted under applicable law. Any dispute related to the setoff rights of the Debtor shall be determined by the Bankruptcy Court. Neither the failure to effect such a setoff nor the allowance

of any Claim hereunder shall constitute a waiver or release by the Debtor of any such Claims or Causes of Action that it may have against such Holder or any affiliate of such Holder.

6.6      **Procedures for Treating and Resolving Disputed and Contingent Claims.**

(a)      **6.6.1 No Distributions Pending Allowance**.  Notwithstanding any other provision of the Plan, the Debtor shall make Distributions only to Holders of Allowed Claims and Interests.  No Holder of a Disputed Claim or Interest will receive any Distribution on account thereof until and to the extent that its Disputed Claim or Interest becomes an Allowed Claim or Interest.  To the extent a Claim or Interest is not a Disputed Claim or Interest but is held by a Holder that is or may be liable to the Debtor on account of a Cause of Action, no payments or Distributions shall be made with respect to all or any portion of such Claim or Interest unless and until such Cause of Action has been settled, withdrawn, or determined by a Final Order or such other court having jurisdiction over the matter.

In determining the amount of a Pro Rata Distribution due to the Holders of Allowed Claims and Interests, the Debtor may, in its discretion, make the Pro Rata calculation as if all Disputed Claims or Interests were Allowed in the full amount claimed or in the amount estimated as provided under section 6.6.2 ofthe Plan..  The Debtor in its discretion, may withhold Distributions otherwise due hereunder to the Holder of a Disputed Claim or Interest until the Objection Deadline, to enable the Debtor to file a timely objection thereto.

(b)      **6.6.2 Claim Estimation**.  The Debtor may request estimation or limitation of any Claim or Interest pursuant to Bankruptcy Code section 502(c) regardless of whether that Claim or Interest was previously objected to or whether the Bankruptcy Court has ruled on any such objection; *provided, however*, that the Bankruptcy Court will determine (i) whether such Claims or Interests are subject to estimation pursuant to Bankruptcy Code section 502(c) and (ii) the timing and procedures for such estimation proceedings, if any.  The Bankruptcy Court will retain jurisdiction to estimate any Claim or Interest at any time during litigation concerning any objection to any Claim or Interest, including, without limitation, during the pendency of any appeal relating to any such objection.  If the Bankruptcy Court estimates any Claim or Interest, the amount so estimated shall constitute either the Allowed amount of such Claim or Interest or a maximum limitation on such Claim or Interest, as determined by the Bankruptcy Court.  If the estimated amount constitutes a maximum limitation on the amount of such Claim or Interest, the Debtor may pursue supplementary proceedings to object to the allowance of such Claim or Interest.  All of the aforementioned objection, estimation, and resolution procedures are intended to be cumulative and not exclusive of one another.  Claims or Interests may be estimated and subsequently compromised, settled, withdrawn, or resolved by any mechanism approved by the Plan or the Bankruptcy Court.

(c)      **6.6.3 Distributions After Allowance of Disputed Claim or Interest**.  Distributions to each Holder of a Disputed Claim or Interest, to the extent it becomes an Allowed Claim or Interest, will be made in accordance with the provisions of the Plan that govern Distributions to such Holders of Claims or Interests in the applicable Class.  Unless otherwise provided in the Plan, as promptly as practicable after the date on which a Disputed Claim or Interest becomes an Allowed Claim or Interest, and in any event not later than ten (10) Business Days after the Disputed Claim or Interest becomes an Allowed Claim or Interest, the Debtor, shall distribute to the Holder thereof from the applicable Distribution Reserve Account,

15

if any, any Distribution that would have been made to such Holder had its Claim or Interest been an Allowed Claim or Interest on the date that Distributions were previously made to Holders of Allowed Claims or Interests in the applicable Class, without interest (except as otherwise provided by the Plan) and net of any setoff and/or any required withholding of applicable taxes. After all Disputed Claims and Interests have been resolved by a Final Order or other final resolution, any remaining Cash in a relevant Distribution Reserve Account shall be distributed in accordance with the other provisions of the Plan.

(d) **6.6.4 Allowance of Claims Subject to Bankruptcy Code Section 502(d)**.  Allowance of Claims will in all respects be subject to the provisions of Bankruptcy Code section 502(d), except as provided by a Final Order or a settlement among the relevant parties.

6.7 **Distributions Under the Plan: Further Provisions.**

(a) **Distributions to be Pro Rata Within a Class**.  Except as otherwise provided in the Plan, all Distributions constituting a partial payment to Holders of Allowed Claims or Interests within a specific Class shall be made on a Pro Rata basis to the Holders of Allowed Claims or Interests in such Class.

(b) **Means of Cash Payment**.  Except as otherwise provided in the Plan, Cash payments made pursuant to the Plan shall be in U.S. dollars and may be made, at the option of the Debtor, by checks drawn on or wire transfers from a domestic bank.

(c) **Fractional Dollars; De Minimis Distributions**.  Any other provision of the Plan notwithstanding, payments of fractions of dollars will not be made. Whenever any payment of a fraction of a dollar under the Plan would otherwise be called for, the actual payment made will reflect a rounding of the fraction to the nearest whole dollar (up or down), with half dollars being rounded down.  No payment of less than one hundred dollars ($100.00) shall be made with respect to any Allowed Claim or Allowed Interest, and the Debtor shall retain any such payment and shall deposited same into a pool for redistribution to other Holders of Allowed Claims or Interests in the same Class.

(d) **Withholding and Reporting Requirements**.  In accordance with Bankruptcy Code section 346 and in connection with the Plan and all Distributions thereunder, the Debtor shall, to the extent applicable, comply with all withholding and reporting requirements imposed by any U.S. federal, state or local taxing authority or any non-U.S. taxing authority.  The Debtor shall be authorized to take any and all actions necessary and appropriate to comply with such requirements.  All Distributions under the Plan may be subject to withholding and reporting requirements.  As a condition for making any Distribution under the Plan, the Debtor may require the Holder of an Allowed Claim or Interest to provide such Holder's taxpayer identification number and such other information, certification, or forms necessary to comply with applicable tax reporting and withholding laws.  Notwithstanding any other provision of the Plan, each Person receiving a Distribution under the Plan shall have sole and exclusive responsibility for the satisfaction and payment of tax obligations on account of any such Distribution.

6.8 **Duty to Disgorge Overpayments.**

To the extent the Holder of any Allowed Claim or Interest receives more than what such Holder is permitted to receive under the Plan, such Holder shall immediately return such excess payment(s) to the Debtor, as applicable, failing which, the Debtor may sue such Holder for the return of the overpayment in the Bankruptcy Court or any other court of competent jurisdiction.

## Article VII

## ACCEPTANCE OR REJECTION OF THE PLAN

### 7.1    **Impaired Classes Entitled to Vote.**

Each impaired Class entitled to vote to accept or reject the Plan will vote separately.  A Holder of a Claim or Interest as to which an objection has been filed and that has not been temporarily allowed for purposes of voting on the Plan may not vote.  A Holder of a contingent or unliquidated Claim or Interest may vote on the Plan in an amount based on the portion, if any, of the Claim or Interest shown as non-contingent, liquidated and undisputed in the Schedules, or equal to $1.00 if not so shown.

### 7.2    **Acceptance by an Impaired Class.**

A Class of Claims that is entitled to vote to accept or reject the Plan shall have accepted the Plan if it is accepted by at least two-thirds (2/3) in amount and more than one-half (1/2) in number of the Allowed Claims in such Class that have voted on the Plan.  A Class of Interests that is entitled to vote to accept or reject the Plan shall have accepted the Plan if it is accepted by the Holders of at least two-thirds (2/3) in amount of the Allowed Interests in such Class that have voted on the Plan.  Any Ballot that is not properly completed and timely received by the Balloting Deadline will not be counted.

### 7.3    **Section 1129(b) Cramdown.**

If any impaired Class of Claims or Interests fails to accept the Plan in accordance with Bankruptcy Code section 1129(a), the Debtor will seek confirmation of the Plan by the Bankruptcy Court pursuant to the "cramdown" provisions in Bankruptcy Code section 1129(b). The Debtor asserts that the Plan provides for fair and equitable treatment of all Classes of Claims and Interests and reserves the right to amend the Plan as may be necessary to obtain confirmation of the Plan under Bankruptcy Code section 1129(b).

## Article VIII

## RETENTION OF JURISDICTION

### 8.1    **Examination of Claims.**

Following the Confirmation Date, the Bankruptcy Court will retain jurisdiction to decide disputes concerning the classification and allowance of any Claim or Interest and the reexamination of Claims and Interests that have been allowed for the purposes of voting, and the determination of any objections as may be filed to Claims and Interests.  The failure by the Debtor to object to, or to examine, any Claim or Interest for the purposes of voting will not be

deemed a waiver of its right to object to, or to re-examine, the Claim or Interest in whole or in part.

8.2    **Determination of Disputes.**

The Bankruptcy Court will retain jurisdiction after the Confirmation Date to determine (a) all questions and disputes regarding title to the Debtor's assets, (b) disputes concerning the allowance of Claims and Interests, (c) all Causes of Action, controversies, disputes, or conflicts, whether or not subject to any pending action, as of the Confirmation Date, to recover property pursuant to the provisions of the Bankruptcy Code, and (d) all disputes and controversies regarding the operation, implementation, and interpretation of the Plan, the Confirmation Order, and any agreements that are identified or implement the Plan or the Confirmation Order.

8.3    **Reservation of Jurisdiction.**

Under Bankruptcy Code sections 105(a) and 1142, and notwithstanding entry of the Confirmation Order, occurrence of the Effective Date and/or substantial consummation of the Plan, the Bankruptcy Court will retain exclusive jurisdiction over all matters arising out of or related to the Bankruptcy Cases and the Plan to the fullest extent permitted by applicable law, including but not limited to jurisdiction to:

(a)    hear and determine any modification of the Plan or the Plan Supplement pursuant to Bankruptcy Code section 1127, to cure any defect or omission or reconcile any inconsistency in the Plan, the Plan Supplement, or any order of the Bankruptcy Court, including the Confirmation Order, in such a manner as may be necessary or appropriate to carry out the purposes and effects thereof;

(b)    hear and determine disputes, issue injunctions, enter and implement other orders and take such other actions as may be necessary or appropriate to execute, interpret, implement, consummate, or enforce the terms and conditions of the Plan and the Plan Supplement and the transactions contemplated thereunder, the Confirmation Order, the Disclosure Statement, or any other order of the Bankruptcy Court, or to maintain the integrity of the Plan following confirmation;

(c)    hear and determine any and all adversary proceedings, motions, applications, and contested or litigated matters arising out of or related to the Bankruptcy Cases or the Plan;

(d)    enforce all orders, judgments, injunctions, releases, exculpations, indemnifications, and rulings entered or approved in the Bankruptcy Cases;

(e)    hear and determine all disputes involving the existence, nature, or scope of the discharge, injunctions, releases, exculpations, and indemnifications granted pursuant to the Plan or the Confirmation Order;

(f)    hear and determine disputes arising in connection with the execution, interpretation, implementation, consummation, or enforcement of the Plan, the Confirmation Order, any transactions, performance or payments provided for or contemplated in

the Plan or the Confirmation Order, or any agreement, instrument or other document governing or relating to any of the foregoing;

        (g)    construe and apply any findings of fact and/or conclusions of law made in or in connection with the Confirmation Order;

        (h)    adjudicate matters arising in the Bankruptcy Case, including matters relating to the formulation and consummation of the Plan;

        (i)    enter any orders, including injunctions, as are necessary to enforce title, rights, and powers of the Debtor to impose any limitations, restrictions, terms and conditions on such title, rights, and powers as the Bankruptcy Court may deem necessary;

        (j)    hear and determine all questions and disputes regarding title to or recovery of the Assets and property of the Debtor;

        (k)    enter a Final Decree closing any or all of the Bankruptcy Cases;

        (l)    correct any defect, cure any omission, or reconcile any inconsistency in the Plan, the Plan Supplement, or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan, the Plan Supplement, and the Confirmation Order including the adjustment of the date(s) of performance under the Plan, the Plan Supplement, and any other documents related thereto if the Effective Date does not occur as provided herein, so that the intended effect of the Plan, the Plan Supplement, and such other documents may be substantially realized thereby;

        (m)    enter, implement or enforce such orders as may be appropriate if the Confirmation Order is for any reason stayed, reversed, revoked, modified, or vacated;

        (n)    hear and determine all applications for compensation and reimbursement of expenses of Professionals or any other Person under the Plan or under Bankruptcy Code sections 330, 331, 503(b), 1103 and 1129(a)(4) of the Bankruptcy Code; provided, however, that from and after the Effective Date, the payment of fees and expenses of professionals retained by the Debtor shall be made in the ordinary course of business and shall not be subject to approval of the Bankruptcy Court;

        (o)    hear and determine issues concerning federal tax reporting and withholding that arise in connection with the confirmation or consummation of the Plan;

        (p)    hear and determine issues concerning state, local and federal taxes in accordance with Bankruptcy Code sections 346, 505 and 1146;

        (q)    hear and determine any objection to any Claim (including any Administrative Claim) or any Interest, including the allowance, classification, priority, secured status, compromise, estimation, subordination, or payment thereof;

        (r)    allow, disallow, determine, liquidate, classify, estimate or establish the priority, secured, unsecured, or subordinated status of any Claim (including any

Administrative Claim) or any Interest and to re-examine Claims or Interests that have been allowed for purposes of voting;

        (s)    hear and determine any Cause of Action and any collection or settlement matters related thereto;

        (t)    hear and determine any disputes or litigation regarding the validity, priority, or extent of any lien and any Claim associated therewith; and

        (u)    hear and to determine any other matter related hereto and not inconsistent with the Plan, the Confirmation Order, the Bankruptcy Code, or Title 28 of the United States Code.

**8.4**    **Failure of the Bankruptcy Court to Exercise Jurisdiction.**

If the Bankruptcy Court abstains from exercising, or declines to exercise, jurisdiction or is otherwise without jurisdiction over any matter arising in, arising under, or related to the Bankruptcy Cases, including the matters set forth in Article VIII of this Plan, the provisions of this Article VIII shall have no effect upon and shall not control, prohibit, or limit the exercise of jurisdiction by any other court having jurisdiction with respect to such matter.

## Article IX

### CONDITIONS PRECEDENT TO CONFIRMATION
### AND CONSUMMATION OF THE PLAN

**9.1**    **Conditions to Confirmation.**  The following shall be the condition to Confirmation: The Confirmation Order shall have been entered by the Bankruptcy Court in form and substance reasonably satisfactory to the Debtor..

**9.2**    **Conditions to Effective Date.**  The Effective Date shall not occur and the Plan shall not be consummated unless and until each of the following conditions have been satisfied or duly waived by the Debtor:  (1) the Bankruptcy Court shall have entered the Confirmation Order in form and substance reasonably satisfactory to the Debtor,  (2) the Confirmation Order shall have become a Final Order;and (3) the Debtor shall have commenced making Distributions under the Plan required to be made on or about the Effective Date..

**9.3**    **Effect of Non-occurrence of Conditions to the Effective Date** If each of the conditions to the Effective Date is not satisfied or duly waived then upon motion by the Debtor made before the time that each of such conditions has been satisfied or duly waived and upon notice to such parties in interest as the Bankruptcy Court may direct, the Confirmation Order may be vacated by the Bankruptcy Court; provided, however, that, notwithstanding the filing of such motion, the Confirmation Order may not be vacated if each of the conditions to the Effective Date is either satisfied or duly waived before the Bankruptcy Court enters an order granting such motion.  If the Confirmation Order is vacated pursuant to this section of the Plan, (i) the Plan shall be null and void in all respects; and (ii) nothing contained in the Plan shall (a) constitute a waiver or release of any claims by or against, or any interest in, the Debtor or (b) prejudice in any manner the rights of the Debtor or any other party in interest.

## Article X

### MISCELLANEOUS PROVISIONS

10.1    **Binding Effect of the Plan.**  The provisions of the Plan shall be binding upon all parties and inure to the benefit of the Debtor's estate and their respective predecessors, successors, assigns, agents, officers and directors.  The terms of the Plan shall be enforceable against the Debtor, Holders of Claims and Administrative Claims or expenses and all parties-in-interest.

10.2    **Special Provision Governing Claims.**  Nothing under this Plan shall affect the Debtor's rights and defenses in respect of any Claim, including all rights in respect of legal and equitable defenses to or setoffs or recoupment against such Claims.

10.3    **Cancellation of Claims and Interests.**  Except as otherwise set forth in this Plan, and except for purposes of evidencing a right to a Distribution, on the Effective Date, all agreements and other documents evidencing the Claims or rights of any Holder of a Claim against the Debtor, including all notes, guarantees, mortgages, and all Interests shall be cancelled.

10.4    **Governing Law.**  Except as mandated by the Bankruptcy Code or Bankruptcy Rules, as applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with the laws of the State of New York.

10.5    **Headings.**  The headings of articles, paragraphs, and subparagraphs of the Plan are inserted for convenience only and shall not affect the interpretation of any provision of the Plan.

10.6    **Time.**  Whenever the time for the occurrence or happening of an event as set forth in this Plan falls on a day that is not a Business Day, then the time for the next occurrence or happening of said event shall be extended to the next day which is a Business Day.

10.7    **Severability.**  Should any provision of the Plan be determined to be unenforceable after the Effective Date such determination shall in no way limit or affect the enforceability and operative effect of any and all of the other provisions of the Plan.

10.8    **Revocation.**  The Debtor reserves the right to revoke and withdraw the Plan prior to the entry of a Confirmation Order.  If the Debtor revokes or withdraws the Plan, the Plan shall be deemed null and void and nothing contained herein shall be deemed to constitute a waiver or release of any claims by or against the Debtor, any other Person, or to prejudice in any manner the rights of such parties in any further proceedings involving the Debtor.

10.9    **Plan Controls.**  In the event and to the extent that any provision of the Plan is inconsistent with the provisions of the Disclosure Statement, or any other agreement to be executed by any Person pursuant to the Plan, the provisions of the Plan shall control and take precedence.  In the event of any inconsistency between any provision of any of the foregoing documents, and any provision of the Confirmation Order, the Confirmation Order shall control and take precedence.

10.10    **Statutory Fees.**  All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on the earlier of when due or the Effective Date, or as soon thereafter as practicable.  From and after the Effective Date, the Debtor shall be liable for and shall pay the

fees under 28 U.S.C. § 1930 assessed under 28 U.S.C. § 1930 until entry of a final decree closing the Case. In addition, the Debtor shall file post-confirmation quarterly reports or any pre-confirmation monthly operating reports not filed as of the Confirmation Hearing in conformity with the U.S. Trustee guidelines, until entry of an order closing or converting the case. The U.S. Trustee shall not be required to file a request for payment of its quarterly fees, which shall be deemed an administrative claim against the Debtor and its estate.

## Article XI

### FINAL FEE HEARING

11.1    **The Professional Fee Claim Bar Date.**  Any and all applications for the final allowance of Professional Fee Claims shall be Filed and served upon counsel to the Debtor, the United States Trustee, and all Persons on the Debtors' Bankruptcy Rule 2002 service list on or before any applicable bar date.

11.2    **Final Fee Hearing.**  A hearing on final allowance of Professional Fee Claims (the "**Final Fee Hearing**") shall be held as soon as practicable after the Effective Date. The Debtor's counsel shall File a notice of the Final Fee Hearing. Such notice shall served upon the United States Trustee and all parties on the Bankruptcy Rule 2002 service list.

## Article VIII

### REQUEST FOR CONFIRMATION

8.1    **Request for Confirmation.**  The Debtor requests confirmation of this Plan in accordance with § 1129(a) of the Bankruptcy Code.

IN WITNESS WHEREOF, the Debtor has executed this Plan this _____the day of _____, 2014.

Commack Hospitality, LLC

By:_____
    Viral Patel

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Laurence May, Esq.
Mark Tsukerman, Esq.
900 Third Avenue – 16th Floor
New York, NY 10022
Tel:  (212) 752-8000
Fax:  (212) 752-8393

*Counsel for Commack Hospitality, LLC*