UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                              Chapter 11

COMMACK HOSPITALITY, LLC,                           Case No. 14-70931 (AST)

                      Debtor.

-----------------------------------------------------------------x

### INTERIM APPROVAL OF A STIPULATION AND ORDER PROVIDING FOR TURNOVER OF FUNDS BY RECEIVER AND PROVIDING ADEQUATE PROTECTION PURSUANT TO §§ 361 AND 362 OF THE BANKRUPTCY CODE

This Stipulation and Order Providing for Turnover of Funds by Receiver and Providing Adequate Protection Pursuant to §§ 361 and 362 of the Bankruptcy Code ("Stipulation and Order") entered into by and between Commack Hospitality, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") and Stabilis Master Fund III, LLC ("Lender" or "Stabilis"), by their respective counsel, is hereby approved on an interim basis, as follows:

### PARTIES' RECITALS

**WHEREAS,** on March 10, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code and on March 11, 2013, the Debtor filed a plan of reorganization (the "Plan") and a disclosure statement with respect to the Plan. Pursuant to §§ 1107 and 1108 of the Bankruptcy Code, the Debtor has retained possession of its assets and is authorized thereby, as a Debtor-in-Possession, to continue the operation and management of its business;

**WHEREAS,** no trustee, examiner or statutory committee has been appointed heretofore;

**WHEREAS,** the Debtor is a single asset real estate entity whose primary asset is real property located at 801 Crooked Hill Road, Brentwood, New York (the "Property");

**WHEREAS**, the Debtor in the past operated a hotel under the Wingate Inn "flag" at the Property, but since April, 2013, the Property has been leased to the Long Island Women's Empowerment Network ("LIWEN") which offers temporary housing for homeless families at the Property pursuant to a contract with Suffolk County. LIWEN currently pays monthly rent in the amount of $228,000, which as of April 15, 2014 increases to $247,120 per month, and is the sole tenant at the Property. Other than real estate taxes, LIWEN pays all expenses incurred directly in connection with the Property;

### A. The Loan

**WHEREAS**, on or about August 8, 2008 General Electric Capital Corporation ("Original Lender"), agreed to lend Debtor a sum up to Ten Million Nine Hundred Thousand and 00/100 Dollars ($10,900,000) (the "Loan");

**WHEREAS**, the Loan is evidenced by that certain Loan Agreement dated as of August 8, 2008 by and between Original Lender and Debtor (as amended from time to time, the "Loan Agreement");

**WHEREAS**, in connection with the Loan, Debtor executed in favor of and delivered to Original Lender a Consolidation, Extension, and Restatement of Notes Agreement, dated August 8, 2008, in the principal sum of Ten Million Nine Hundred Thousand and 00/100 Dollars ($10,900,000) (the "Note");

**WHEREAS**, the Note is secured by the Property pursuant to that certain Consolidation, Modification, Spreader and Extension Agreement (the "Mortgage"), dated August 8, 2008, executed by Debtor in favor of Original Lender. The Mortgage, together with the Note and Loan Agreement are referred to as the "Original Loan Documents";

**WHEREAS**, following certain defaults by Debtor under the Original Loan Documents, Original Lender, Debtor, and Guarantors entered into a series of agreements including, without

limitation, the Loan Modification Agreement dated August 31, 2010, the Loan Forbearance Agreement dated October 25, 2011, and the Loan Modification and Forbearance Agreement dated January 23, 2012 (collectively the "Modified Loan and Forbearance Documents", and together with the Original Loan Documents, the "Loan Documents") pursuant to which the Original Lender agreed to forbear from enforcing its rights under the Original Loan Documents and modified certain terms of the Loan Agreement;

**WHEREAS**, among other things, the Modified Loan and Forbearance Documents provided for a forbearance period, adjusted the interest rate, reserved all rights and remedies with respect to existing defaults, and extended the time the entire outstanding balance and all other amounts under the Loan Documents became due and payable March 31, 2013 subject to the terms and conditions set forth therein;

### B. Assignment of the Loan to Stabilis

**WHEREAS**, on or about June 28, 2013, GE Capital Commercial of Utah LLC, a Delaware limited liability company ("GE Capital"), as successor-in-interest to Original Lender, assigned the Loan and all Loan Documents, including the Note and Mortgage to Stabilis;

**WHEREAS**, in connection with the assignment to Stabilis, GE Capital executed and delivered to the Stabilis, the following documents:

(a) that certain allonge to the Note in the amount of $10,900.000, in favor of Stabilis;

(b) that certain Assignment of Mortgage, dated June 28, 2013, in favor of Stabilis, recorded on November 7, 2013 in the Office of the County Clerk, County of Suffolk, at Liber M00022420, Page 316;

(c) that certain Omnibus Assignment of Loan Documents, dated June 28, 2013, in favor of Stabilis;

**WHEREAS**, Stabilis is the current owner and holder of the Note and Mortgage and has physical possession of the Original Note;

### C. Debtor's Breach of the Loan Documents

**WHEREAS**, the Debtor failed to comply with the terms and provisions of the Loan Documents by, among other things, failure to pay taxes for the 2010/2011 tax year and leasing the Property to LIWEN and not using the Property for a Wingate hotel;

**WHEREAS**, the Debtor failed to repay the entire indebtedness under the Loan Documents on March 31, 2013 as set forth in the Modified Loan and Forbearance Documents;

**WHEREAS,** the Lender has a valid claim as of the Filing Date for which it may file a proof of claim;

**WHEREAS,** Debtor acknowledges that Lender holds a valid, perfected and enforceable first priority blanket lien on and security interest in the Property, the Lease and the rents, revenues and proceeds therefrom (collectively, the "Pre-Petition Collateral"), which Pre-Petition Collateral secures Lender's claim;

### D. The Foreclosure Action

**WHEREAS**, on April 22, 2013, GE Capital commenced a mortgage foreclosure action against the Property, in Suffolk County Supreme Court (the "State Court"), under Index No. 060556/2013 (the "Foreclosure Action").

**WHEREAS**, Stabilis is the successor by assignment to GE Capital, and Stabilis was substituted as the plaintiff in the Foreclosure Action pursuant to the Order entered on September 9, 2013;

**WHEREAS**, at a hearing on July 11, 2013, the State Court granted Stabilis' motion for the appointment of a rent receiver, and on August 16, 2013, the State Court signed an Amended

Order Appointing Receiver (the "Receiver Order") appointing D. Daniel Engstrand, Esq., as rent receiver (the "Receiver") for the Property in the Foreclosure Action;

**WHEREAS**, over the course of the receivership, the Receiver has collected rents from LIWEN. In addition, the Receiver also (i) negotiated an installment agreement for the payment of past-due 2012 real estate taxes[1], (ii) effectuated the full payment of past-due 2012 real estate taxes, and (iii) negotiated an installment agreement for the payment of past-due 2013 real estate taxes (the "2013 Tax Installment Agreement");

**WHEREAS**, the Receiver established an operating account for the Property for the collection of rents and payment of expenses (the "Receiver's Operating Account"). Currently, there is approximately $661,427.00 in the Receiver's Operating Account;

**WHEREAS,** the Debtor and Lender agree that all cash equivalents, whether in the form of cash, rents, accounts, security deposits, deposit accounts, or in any other form, whenever acquired, which represent income, proceeds, products, rents, or profits of the Pre-Petition Collateral that are now in the possession, custody or control of the Receiver, the Debtor, or in which the Debtor will obtain an interest during the pendency of the Chapter 11 case, are property of the Debtor's estate and shall be treated as "Cash Collateral" in which Lender has a perfected security interest for the purposes, and within the meaning, of Bankruptcy Code § 363(a) (collectively, the "Cash Collateral");

**WHEREAS,** pursuant to Section 363(c)(3) of the Bankruptcy Code, the Debtor cannot use the Cash Collateral without the consent of Lender or without order of the Bankruptcy Court;

**WHEREAS,** the Debtor and the Lender have agreed to conduct negotiations with respect to the Plan, which is unacceptable to Stabilis, without prejudice to the Debtor's right to seek

---

[1] Past due 2011 real estate taxes were advanced by Stabilis prior to the appointment of the Receiver in the Foreclosure Action.

confirmation of the Plan and Stabilis' right to object to the Plan and seek other relief in the event the Debtor and Stabilis are unable to negotiate a consensual plan of reorganization;

**WHEREAS,** the Debtor and the Lender have agreed to enter into this Stipulation and Order providing for the turnover of sums held by the Receiver in the Receiver's Operating Account, as well as all other Cash Collateral, and the use of Cash Collateral according to the terms and conditions as set forth herein.

**IT IS HEREBY STIPULATED, AGREED AND ORDERED** as follows:

1.  The recitals stated above are agreed to by Debtor and Lender, but are not findings of this Court nor binding on other parties in interest. The Motion filed by Debtor [dkt item 24] seeking entry of this Stipulation was filed on April 10, 2004 and served on April 15, 2014, noticed for a hearing on April 23, 2014, pursuant to this Court's April 15, 2014 Order authorizing a hearing on shortened notice [dkt item 27]; as notice was not adequate for a final hearing under Fed. R. Bankr. Pro. 4001(b)(2), no final order for use of cash collateral may be entered thereon; however, the Court will approve and enforce the agreement as between Debtor and Stabilis on an interim basis. Through the earlier of (a) June 16, 2014, (b) confirmation of a plan of reorganization or (c) termination pursuant to paragraph 9 of this Stipulation and Order, unless the parties hereto extend the terms of this Stipulation and Order or its terms are otherwise extended by order of this Court, Cash Collateral shall be held and disbursed solely in accordance with this Stipulation and Order.

2.  To the extent that Cash Collateral is utilized by the Debtor, and diminishes the Lender's Collateral as a result, for the purposes of providing adequate protection within the meaning of §§361 and 363 of the Bankruptcy Code, the Debtor shall grant Lender a replacement lien in all of the Debtor's pre-petition and post-petition real and personal property, but excluding the rights of the estate in any actions arising pursuant to sections 502(d), 544, 545, 547, 548, 549,

550 or 553 of the Bankruptcy Code the ("Avoidance Actions"), to the extent that Lender had as of the Filing Date a valid, allowable and unavoidable claim and security interest in the Debtor's pre-petition assets and in the order of priority continuing with its liens and without determination as to the nature, validity and extent of same (the "Replacement Lien"), subject to: (a) fees payable under 28 U.S.C. § 1930 and 31 U.S.C. § 3717; (b) professional fees of duly retained professionals by the Debtor in this Chapter 11 case as may be awarded pursuant to Sections 330 or 331 of the Code or pursuant to any monthly fee order entered in the Debtor's Chapter 11 case, provided however, the carve out set forth at subparagraphs 3(b) shall be capped at $125,000; (c) the reasonable commissions, fees and expenses of a Chapter 7 trustee if this case is converted to chapter 7 avoidance (collectively, the "Carve-Outs"). For the avoidance of doubt the Avoidance Actions shall not be the subject of the replacement lien granted pursuant to this paragraph.

3. Debtor acknowledges and agrees that Lender's liens are valid, enforceable and unavoidable and constitute first priority liens upon the Pre-Petition Collateral.

4. Lender shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order.

5. Debtor and Lender agree that all of the terms and provisions of the underlying Loan Documents between the Debtor and the Lender are deemed to be valid, binding and enforceable against the Debtor as if same had been re-executed by the Debtor and Lender.

6. So long as this Stipulation and Order remains in effect, all Cash Collateral, and rents hereafter paid by LIWEN pursuant to the Lease, and sums currently held by the Receiver in the Receiver Operating Account shall be deposited into Account Number 559671727 at J.P. Morgan Chase, which shall be in the name of Stabilis (the "Collateral Account"). The Collateral Account and the proceeds in the account shall constitute property of the Debtor's estate under 11

U.S.C. § 541 and Cash Collateral under 11 U.S.C. 363(a), subject to Stabilis' security interests as granted hereunder or under the Loan Documents, and otherwise subject to the jurisdiction of the Bankruptcy Court. Stabilis shall file a monthly report indicating amounts received and disbursed for the prior month and the Collateral Account balance for the applicable period.

7. The Receiver shall, subject to any rights to compensation or reimbursement that existed on the Filing Date, transfer all sums in the Receiver's Operating Account by check or wire transfer into the Collateral Account upon it being established. As further adequate protection of Lender's interests, and on account of Lender's entitlement to adequate protection, during the term of this Stipulation:

      a. Upon approval of this Stipulation and Order by the Bankruptcy Court, Stabilis shall be paid an initial adequate assurance payment of $300,000 from the Collateral Account or the Receiver's Operating Account;

      b. From the Collateral Account or the Receiver's Operating Account, commencing with the month of April 2014, and for so long as this Stipulation and Order remains in effect, monthly adequate protection payments shall be made in the amount of $125,000.00, no later than the tenth (10th) day of each month covered hereunder commencing with a payment on or before April 10, 2014; provided that the monthly adequate protection payment of April shall be due three (3) business days after entry of this Stipulation and Order;

      c. Other than set forth herein, the Debtor shall not be authorized to use any funds in the Collateral Account or the Receiver's Operating Account without the prior written consent of Stabilis or an order of the Bankruptcy Court obtained after notice and hearing to Stabilis. In the event the Debtor

8

      seeks to use funds in the Collateral Account to pay an expense, it shall send a written request to Stabilis providing a detailed explanation of the purpose of such request and backup documentation for such request. If Stabilis agrees with such request, funds in the Collateral Account will be made available and transferred into the Debtor's debtor-in-possession account to pay the approved expense. Any dispute relative to any request shall be resolved by the Bankruptcy Court upon notice and hearing.

  d. Debtor may make monthly payments under the 2013 Tax Installment Agreement to the Suffolk County Treasurer in the amount of $40,000 from the Collateral Account, provided, however, if sufficient funds exist in the Collateral Account, with the written consent of the Debtor or order of the Bankruptcy Court, Stabilis can direct that the balance due under the 2013 Tax Installment Agreement be paid in full;

  e. Stabilis shall be authorized to set off and transfer from the Collateral Account all sums to be paid to it hereunder;

  f. The adequate protection payments made hereunder shall be applied to the outstanding indebtedness under the Loan Documents as may be agreed by the Debtor and Stabilis or as ordered by the Bankruptcy Court.

  8. The use of the Cash Collateral in accordance with the terms of this Stipulation and Order shall terminate upon the earlier of (a) June 16, 2014 (subject to the Debtor's right to seek an extension from the Bankruptcy Court for cause, subject to Lender's right to object to same); (b) an uncured default by the Debtor under any of the provisions of this Stipulation and Order, upon five (5) business days' written notice to cure said default to (i) the Debtor, (ii) Cole, Schotz, Meisel, Forman & Leonard, P.A., attorneys for the Debtor, (iii) the United States Trustee and (iv)

any official committee appointed in this case; (c) entry of an order granting relief from the automatic stay to Lender or to any other creditor; (d) conversion or dismissal of the chapter 11 case; (e) the filing by Debtor of a Notice of Conversion or the entry of any order converting the Debtor's Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code; (f) the appointment of a trustee in this Chapter 11 case; or (g) confirmation of a plan of reorganization by the Debtor (a "Termination Event").  Upon a Termination Event, the funds in the Collateral Account will be disbursed pursuant to an order of the Bankruptcy Court.  Time to cure pursuant to this section shall be deemed to run from the date the any notice of default is sent.

9. Debtor and Stabilis may notify LIWEN to make payment of the Rent directly to Stabilis to be deposited in the accounts established and authorized pursuant to this Stipulation and Order and only disbursed pursuant to this Stipulation and Order or other order of the Bankruptcy Court.  LIWEN may make rent payments in accordance with this Order, in accordance with its applicable non-bankruptcy law rights as existed at the Filing Date as to any claims that accrued prior to the Filing Date and, as to any claims that accrued on or after the Filing Date, in accordance with applicable bankruptcy law and applicable non-bankruptcy law

10. The Lender does not consent to the use of Cash Collateral for any of the following purposes: (i) to attack the validity, priority or enforceability of the Lender's Claim against the Debtor, (ii) to research, review, analyze or investigate with respect to or in connection with any litigation, claim, objection or cause of action of any kind or nature whatsoever against Lender (whether or not arising from or related to prepetition or post-petition liens, security interests, acts, omissions or other conduct), or (iii) to file, prosecute or otherwise pursue any litigation, claim, objection or cause of action of any kind or nature whatsoever against the Lender (whether or not arising from or related to prepetition or post-petition liens, security interests, acts, omissions or other conduct).  Notwithstanding the foregoing, Debtor's professionals reserve the

right on any fee application to request that a portion of the Carve Out be awarded for the successful dispute and reduction of the amount of any proof of claim that Lender may file.

11. Any notices to be given hereunder shall be given by facsimile transmission or email and by first class mail to the parties listed below, and shall be deemed given when mailed:

|  |  |
|---|---|
| If to the Debtor to: | Commack Hospitality LLC<br>c/o Ablc Management Group, Inc.<br>150 Express Street<br>Plainview, New York  11803<br>Attention:  Mr. Viral Patel<br>Facsimile:<br>Email:<br><br>With a copy to:<br><br>Laurence May, Esq.<br>Cole Schotz Meisel Forman & Leonard P.A.<br>900 Third Avenue, 16th Floor<br>New York, New York  10022<br>Facsimile: (212) 752-8393<br>Email: lmay@coleschotz.com |
| If to Lender to: | Stabilis Fund II, LLC<br>c/o Stabilis Capital Management, LP<br>767 5th Avenue, 12th Floor<br>New York, New York 10153<br>Attention:  Joseph Tuso<br>Facsimile: (212) 256-8978<br>Email:   josephtuso@stabiliscap.com<br><br>With a copy to:<br><br>Michael V. Blumenthal, Esq.<br>Thompson & Knight LLP<br>900 Third Avenue, 20th Floor<br>New York, New York 10022<br>Facsimile: (214) 999-9279<br>Email: michael.blumenthal@tklaw.com |

12. Upon the Debtor's failure to cure any default hereunder, after proper notice and the expiration of the cure period. in accordance with the provisions contained herein, Lender shall have the right to apply to the Bankruptcy Court (and the Debtor shall have the right to object), upon proper application in accordance with Bankruptcy Rule 4001(a)(1) for an order granting Lender (a) the right to apply all funds in the Collateral Account to the Loan, (b) the right to seize and apply to the Loan all Cash Collateral.

13. To the extent that the terms of this Stipulation and Order conflict with the terms of any of the Loan Documents, the terms of this Stipulation and Order shall govern.

14. This Stipulation and Order does not and shall not constitute a waiver by Lender or by the Debtor of any rights that they may have with respect to the Cash Collateral including, without limitation, Lender's rights to seek relief from the stay imposed by Section 362(a) of the Bankruptcy Code or the Debtor's right to object to same.

15. Except as otherwise provided herein, this Stipulation and Order does not limit or affect the rights, remedies, or claims of the Lender under the provisions of the Bankruptcy Code, other applicable law or the Loan Documents, all of which are hereby expressly reserved. In particular, and without limiting the foregoing, (i) Lender expressly reserves the right to seek additional adequate protection for the use of its Pre-Petition Collateral and Cash Collateral, and (ii) Lender expressly reserves the right to seek any appropriate orders of the Court upon notice and hearing, including but not limited to terminating, annulling, modifying or conditioning the automatic stay under Section 362 of the Bankruptcy Code.

16. The parties hereto are authorized, empowered and directed to execute and deliver all other agreements, instruments and documents and take any and all other actions in order to effectuate the transactions effected hereby. Except as expressly modified herein, all of the terms of the Mortgage shall remain in full force and effect.

17. A final hearing on this Stipulation and Order shall be held on **June 25, 2014 at 11:30 a.m.**, and, upon entry of a final order, shall binding upon any subsequently appointed or elected trustee or examiner in this Chapter 11 case or in a successor case under Chapter 7 of the Bankruptcy Code, as well as upon all creditors and parties in interest in the above captioned case. Debtor shall serve a copy of this Order within five (5) days of entry on all creditors and parties in

interest, including the UST, the Receiver, LIWEN and all state and local property tax assessors and collectors, and shall file an affirmation of service within five (5) days thereafter.

       18.    Any objection to this Interim Order becoming a final order shall be filed and served by **June 18, 2014**.  The Bankruptcy Court shall retain jurisdiction with respect to all matters relating to or pertaining to this Stipulation and Order and the enforcement thereof. Changes made by the Court are a part of this Order, even if not agreed to by Debtor or Stabilis.

Dated: April 10, 2014

COMMACK HOSPITALITY, LLC


By:     /s/ Vital Patel
    Name:    Vital Patel
    Title:    CEO

COLE, SCHOTZ, MEISEL, FORMAN & LEONARD P.A.
*Counsel for the Debtor*

By:    /s/ Laurence May
    Laurence May
    900 Third Avenue, 16th Floor
    New York, New York 10022
    (212) 752-8000

THOMPSON & KNIGHT LLP
*Counsel for Lender*

By:    /s/ Michael V. Blumenthal
    Michael V. Blumenthal
    900 Third Avenue, 20th Floor
    New York, New York 10022
    (212) 751-3001

**SO ORDERED:**



**Dated: May 5, 2014**　　　　　　　　　　　　　　　　　**Alan S. Trust**
      **Central Islip, New York**　　　　　　　　　　　**United States Bankruptcy Judge**

14