| | |
|---|---|
| THOMPSON & KNIGHT LLP<br>Michael V. Blumenthal, Esq.<br>Jennifer A. Christian, Esq.<br>900 Third Avenue, 20th Floor<br>New York, New York 10022<br>Tel: (212) 751-3001<br>Fax: (212) 751-3113<br>E-mail: michael.blumenthal@tklaw.com<br>          jennifer.christian@tklaw.com | Hearing Date:  June 25, 2014<br>Hearing Time:  11:30 a.m. (ET) |

*Attorneys for Stabilis Master Fund III, LLC*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re:<br><br>COMMACK HOSPITALITY, LLC,<br><br>                                    Debtor. | Chapter 11<br><br>Case No. 14-70931 (AST) |

**MOTION OF STABILIS MASTER FUND III, LLC FOR ENTRY OF AN
ORDER EXTENDING THE TERMS OF THE STIPULATION AND
ORDER PROVIDING FOR TURNOVER OF FUNDS BY RECEIVER AND
PROVIDING ADEQUATE PROTECTION PURSUANT TO
§§ 361 AND 363 OF THE BANKRUPTCY CODE**

TO:    HONORABLE ALAN S. TRUST
          UNITED STATES BANKRUPTCY JUDGE

Stabilis Master Fund III, LLC ("Lender" or "Stabilis"), a creditor and party-in-interest in this chapter 11 case, by and through undersigned counsel, hereby moves this Court for an order extending the terms of the Stipulation and Order Providing for Turnover of Funds by Receiver and Providing Adequate Protection Pursuant to §§ 361 and 363 of the Bankruptcy Code (the "Adequate Protection Stipulation")[1] [Docket No. 39], and respectfully states as follows:

---

[1] Unless otherwise defined, all capitalized terms used herein shall have the meanings ascribed to them in the Adequate Protection Stipulation.

## JURISDICTION

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a).

2.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief requested herein are sections 361, 362, 363, 552, and 543 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 4001-5 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Eastern District of New York.

## RELEVANT BACKGROUND

5.  On May 5, 2014, this Court entered an order approving the Adequate Protection Stipulation on an interim basis, providing that it would be enforced as between the Debtor and the Lender through the earlier of (a) June 16, 2014, (b) confirmation of a plan of reorganization or (c) termination pursuant to paragraph 9 of the Stipulation, unless the parties extend the terms of the Stipulation <u>or its terms are otherwise extended by order of this Court</u> and that Cash Collateral must be held and disbursed solely in accordance with the Stipulation.

6.  The Court scheduled a final hearing on the Adequate Protection Stipulation for June 25, 2014.

7.  Debtor has acknowledged and agreed that "Lender holds a valid, perfected and enforceable first priority blanket lien on and security interest in the Property, the Lease and the rents, revenues and proceeds therefrom (collectively, the "Pre-Petition Collateral"), which Pre-Petition Collateral secures Lender's claim." *Adequate Protection Stipulation* at p. 4.

8.  Additionally, Debtor has acknowledged and agreed that Lender's liens are valid, enforceable and unavoidable and constitute first priority liens upon the Pre-Petition Collateral. *Adequate Protection Stipulation* at p. 7, ¶ 3.

9. The funds being held and deposited into the Collateral Account are being (and should be) segregated because they are the Lender's collateral. The Debtor does not have a need to use such funds because it does not operate the Property, which is being operated by LIWEN pursuant to the Lease, and LIWEN pays all of the Property expenses other than the real estate taxes. If the Debtor should have a need to use Cash Collateral, it may request Lender's permission to do so or seek permission from this Court.

10. Although it has been Debtor's responsibility to pay real estate taxes for the Property, it has failed to do so since 2011. The past due 2011 real estate taxes were advanced by Stabilis prior to the appointment of the Receiver in the Foreclosure Action. Over the course of the Receivership, the Receiver (i) collected rents from LIWEN, (ii) at Stabilis' request, negotiated an installment agreement for the payment of past-due 2012 real estate taxes and effectuated the full payment of past-due 2012 real estate taxes, and (iii) negotiated an installment agreement for the payment of past-due 2013 real estate taxes.

11. Pursuant to paragraph 7 of the Adequate Protection Stipulation, if sufficient funds exist in the Collateral Account, upon Debtor's consent[2] or order of this Court, Stabilis can pay the 2013 real estate taxes. As of May 31, 2014, the balance of funds on deposit in the Collateral Account was $809,207.61 and Stabilis is in the process of paying the remaining balance of the 2013 real estate taxes in the amount of $284,000 on or before June 13, 2014.

12. Another lease payment in the amount of $237,120 is anticipated to be deposited into the Collateral Account by LIWEN on or about the date of the final hearing on the Adequate Protection Stipulation. Thus, even though another $125,000 payment was made to Lender on June 11, 2014, sufficient funds will be available to pay the 2014 real estate taxes in the amount of $348,251.58, and Stabilis will ensure such taxes are paid.

---

[2] The Debtor has consented.

13. Debtor has also acknowledged and agreed that Lender is entitled to the level of adequate protection provided under the Adequate Protection Stipulation:

> i. "To the extent that Cash Collateral is utilized by the Debtor, and diminishes the Lender's Collateral as a result, **for the purposes of providing adequate protection** within the meaning of §§ 361 and 363 of the Bankruptcy Code, the Debtor shall grant Lender a replacement lien..." *Adequate Protection Stipulation* at ¶ 2.
>
> ii. "**As further adequate protection** of Lender's interests, and on account of Lender's entitlement to adequate protection...[Lender shall receive periodic payments]" *Adequate Protection Stipulation* at ¶ 7.
>
> iii. "...(i) Lender expressly reserves the right to seek **additional** adequate protection for the use of its Pre-Petition Collateral and Cash Collateral..." *Adequate Protection Stipulation* at ¶15.

## RELIEF REQUESTED

14. Lender files this Motion requesting that the Court approve the Adequate Protection Stipulation on a final basis and extend the terms thereof through August [29], 2014.

## BASIS FOR RELIEF REQUESTED

15. The Court previously approved, on an interim basis, the various forms of adequate protection granted to Lender pursuant to the Adequate Protection Stipulation. Lender submits that a continuation of such adequate protection is reasonable and necessary, as even the Debtor has acknowledged that:

> i. The Bankruptcy Code does not explicitly define "adequate protection"; however, Section 361 of the Code suggests that adequate protection may be provided by (i) periodic cash payments to the extent that there is a decrease in the lien holder's interest in the property; (ii) additional or replacement liens;

or (iii) other relief resulting in the realization of the "indubitable equivalent" of the lien holder's interest in the property. *See Debtor's Motion for approval of the Adequate Protection Stipulation* (the "Motion") [Docket No. 24] at ¶ 19.

    ii. The goal of adequate protection is to protect a secured lender against a diminution in the value of its collateral during the period when such collateral is being used by the debtor in possession. *Motion* at ¶ 20 (citations omitted).

    iii. The Adequate Protection Stipulation and the proposed use of Cash Collateral is "reasonable and necessary to preserve its assets and the Property during the case, and is appropriately designed to protect the interests to the Debtors' estates and creditors, including Stabilis." *Motion* at ¶ 21.

    iv. Stabilis' interests will be adequately protected through, among other things: (a) replacement liens to the extent of any diminution in the value of its interests in the Pre-Petition Collateral, (b) periodic cash payments which will be applied to reduce Stabilis' clam against the Debtor, and (c) oversight and consent procedures with respect to the Debtor's use of the Cash Collateral. *Motion* at ¶ 22.

16.   The funds required to be deposited into the Collateral Account are the Lender's Cash Collateral. The Adequate Protection Stipulation protects the Lender, maintains an even keel for this case by providing Lender with monthly payments equal to the approximate amount of the interest accruing on Stabilis' claim, and prevents the Debtor from falling further behind in its single responsibility – the payment of its real estate taxes. As such, the Stipulation should be approved on a final basis. Conversely, there is absolutely no harm whatsoever to the Debtor, this estate and creditors by a continuation of the Adequate Protection Stipulation.

## NO PRIOR REQUEST

17. No previous application for the relief requested herein has been made to this or any other court.

## NOTICE

18. Lender has served notice of this Motion on: (i) the Office of the United States Trustee; (ii) counsel to the Debtor; and (iii) all parties entitled to receive notice pursuant to Bankruptcy Rules 2002 and 4001(b). Lender submits that such notice is good and sufficient under the circumstances and no other or further notice of the Motion need be provided.

## CONCLUSION

WHEREFORE, based upon the foregoing, Lender respectfully requests that the Court (i) approve the Adequate Protection Stipulation on a final basis, (ii) extend the Adequate Protection Stipulation through August 29, 2014, and (iii) grant such other and further relief as the Court deems just and proper.

Dated: June 11, 2014                    Respectfully submitted,

/s/ Michael V. Blumenthal
Michael V. Blumenthal
Jennifer A. Christian
THOMPSON & KNIGHT LLP
900 Third Avenue, 20th Floor
New York, New York 10022
Tel: (212) 751-3001
Fax: (212) 751-3113
E-mail: michael.blumenthal@tklaw.com
         jennifer.christian@tklaw.com

*Attorneys for Stabilis Master Fund III, LLC*

10275082