**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 14-70931 (AST) |
| COMMACK HOSPITALITY, LLC, | Chapter 11 |
| Debtor. | |

### ORDER (A) APPROVING THE DISCLOSURE STATEMENT; (B) ESTABLISHING VOTING RECORD DATE; (C) APPROVING PROCEDURES FOR SOLICITING, RECEIVING, AND TABULATING VOTES ON PLAN AND FOR FILING OBJECTIONS TO THE PLAN; (D) APPROVING MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS

Upon the Motion (the "**Motion**")[1] of the Debtor for entry of an order (the "**Disclosure Statement Order**"): (a) approving the Second Amended Disclosure Statement; (b) establishing the Voting Record Date (defined below), Voting Deadline (defined below), and other dates; (c) approving the solicitation and voting procedures; (d) approving the manner and forms of notices and other related documents, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion is in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and the Court having found that the Debtor provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

the Motion and having heard the statements in support of the relief requested therein at a hearing

before the Court (the "**Hearing**"); and the Court having determined that the legal and factual

bases set forth in the Motion and the Hearing established just cause for the relief granted herein;

and upon all of the proceedings had before the Court; and after due deliberation and sufficient

cause appearing therefore, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

## I.    Approval of the Disclosure Statement and Notice of Hearing

2.      The Second Amended Disclosure Statement [dkt item 55] is hereby approved

pursuant to section 1125 of the Bankruptcy Code as providing Holders of Claims and Interests

(capitalized terms not defined in this Order are as defined in the Disclosure Statement or the

Motion) entitled to vote to accept or reject the Plan with adequate information to make an

informed decision as to whether to vote to accept or reject the Plan in accordance with section

1125(a)(1) of the Bankruptcy Code; such approval, however, is conditioned on Debtor inserting

as Exhibit 1 the insert attached hereto after the main document and before the Exhibit A, and

including such insert in the Second Amended Disclosure Statement when mailed to creditors and

parties in interest (hereafter, the "Disclosure Statement").

3.      The Disclosure Statement Hearing Notice [dkt item 12] filed by the Debtor and

served upon parties in interest in this Chapter 11 case on March 12, 2014, constitutes adequate

and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner

in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) could be

obtained, and the time fixed for filing objection thereto, in satisfaction of the requirements of the

applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy

Rules.

**II.    Approval of the Timeline for Soliciting Votes, Voting on the Plan, and for Filing Objections to the Plan**

4.    The following dates are hereby established (subject to modification as needed) with respect to the solicitation of votes to accept the Plan, voting on the Plan, and objecting to Confirmation of the Plan:

A.    <u>Voting Record Date</u>:  The date that the Court enters the Disclosure Statement Order shall be the date for determining (i) which Holders of Claims and Interests are entitled to vote to accept or reject the Plan and receive Solicitation Packages in connection therewith; and (ii) whether Claims have been properly assigned or transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the respective Claim (the "**Record Date**");

B.    <u>Solicitation Date</u>:  The Debtor will commence mailing the Solicitation Packages on or before August 14, 2014 (the "**Solicitation Date**");

C.    <u>Voting Deadline</u>:  No later than 5:00 p.m. (prevailing Eastern Time) on <u>**September 17, 2014**</u> shall be the deadline by which all Ballots must be properly executed, completed, and delivered so that they are **actually received** by the Debtor (the "**<u>Voting Deadline</u>**"); **<u>Ballots may be delivered to the Debtor on or before the Voting Deadline via regular mail or overnight mail to Commack Balloting Agent, Cole, Schotz, Meisel, Forman & Leonard, P.A., 900 Third Avenue 16th Floor, New York, NY 10022, Attn:  Mark Tsukerman, Esq., via telecopy at 212.752.8393 or via email at mtsukerman@coleschotz.com</u>**

D.    <u>Plan Objection Deadline</u>:  No later than <u>**5:00 p.m., on September 17, 2014**</u> shall be the deadline by which objections to the Plan must be filed with the Court and

served so as to be **actually received** by the appropriate notice parties (the "**Plan Objection Deadline**");

      E.     <u>Filing the Certification of Balloting</u>: At least seven (7) days prior to the Confirmation Hearing Date, the Debtor's counsel or the Balloting Agent (defined below), shall prepare, file and serve upon the Court, United States Trustee and counsel to any committee appointed in the case, a certification of balloting (the "**Certification of Balloting**") that summarizes, under penalty of perjury, (a) both the numbers and amounts of acceptances and rejections in each voting class, and certifying to their timely filing; (b) whether the Debtor proposes to confirm the plan over the objection of one or more impaired classes; and (c) whether any witnesses other than the Debtor's witnesses in favor of the plan are expected to testify as to any facts relevant to confirmation.

      F.     <u>Confirmation Hearing Date</u>:  The hearing at which the Court will consider Confirmation of the Plan (the "**Confirmation Hearing**") will commence on **October 1, 2014, at 2:00 p.m.**, prevailing Eastern Time (the **Confirmation Hearing Date**").

**III.    Approval of Solicitation Materials and Solicitation Packages**

     5.     In addition to the Disclosure Statement and exhibits thereto, including the Plan and the Disclosure Statement Order (once entered, excluding the exhibits thereto), the solicitation materials (each, a "**Solicitation Package**," and collectively, the "**Solicitation Packages**") to be transmitted on the Solicitation Date to those Holders of Claims and Interests in the Classes entitled to vote to accept or reject the Plan as of the Record Date, shall include the following, the form of each of which is hereby approved:

     (a)     The Ballots, substantially in the form attached hereto as **Exhibits 2A and 2B** and incorporated by reference herein; and

     (b)     the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 3** and incorporated by reference herein.

6.     The Debtor is authorized, but not directed or required, to distribute the Plan, the Disclosure Statement, and the Disclosure Statement Order to Holders of Claim entitled to vote to accept or reject the Plan in CD-ROM format.  The Ballots, as well as the Confirmation Hearing Notice, will **only** be provided in paper.  Any party who receives a CD-ROM, but who would prefer paper format, may contact the Debtor and request paper copies of the corresponding materials previously received in CD-ROM format, which will then be provided at the Debtor's expense.

7.     The Solicitation Packages provide Holders of Claims entitled to vote to accept or reject the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Bankruptcy Rules.

**IV.     Approval of the Solicitation and Voting Procedures**

8.     The Debtor is authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Voting and Tabulation Procedures set forth herein, which are hereby approved in their entirety; *provided, however*, that the Debtor reserves the right to amend or supplement the Solicitation and Voting Procedures where, in the Debtor's best judgment, doing so would better facilitate the solicitation process.  The Debtor is authorized to use the following voting and tabulation procedures.

9.     Solely for the purposes of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor in any other context, each holder of claim shall have an allowed claim, solely for the purpose of voting on the Plan, in an amount equal to the lesser of (a) the amount of such claim as set forth in the Schedules, or (b) the amount of such claim as set forth in a timely

filed proof of claim.  The foregoing general procedure will be subject to the following

exceptions:

(a)     if a claim for which a proof of claim has been timely filed is marked as, or is by its terms, contingent, unliquidated or disputed on its face, or the claim for which a proof of claim has been timely filed is listed as contingent, unliquidated or disputed on the Schedules, either in whole or in part, such claim shall be temporarily disallowed for voting purposes to the extent contingent, unliquidated, or disputed;

(b)     if a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court;

(c)     if the Debtor has filed and served an objection to a claim at least fourteen (14) days before the expiration of the Voting Deadline, such claim shall be treated as if the objection had been granted; and

(d)     each entity that holds or has filed more than one (1) unsecured claim against the Debtor shall be entitled to just one vote for purposes of voting, classification and treatment under the Plan.

10.     The foregoing procedures provide for a fair and equitable voting process. Any

creditor seeking to challenge the disallowance of its claim for voting purposes in accordance

with the above procedures shall serve on the Debtor and file with the Court a motion for an

Order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such claim in a different

amount for purposes of voting to accept or reject the Plan on or before the seventh (7th) day after

the later of (a) the date of service of the Confirmation Hearing Notice and (b) the date of service

of an objection or request for estimation, if any, as to such claim.  In accordance with

Bankruptcy Rule 3018, as to any creditor filing such a motion, such creditor's Ballot shall not be

counted unless temporarily allowed by an Order entered prior to the conclusion of the

Confirmation Hearing.

11.     If a creditor casts more than one Ballot voting the same claim(s) before the Voting

Deadline, the last-dated Ballot received before the Voting Deadline shall be deemed to reflect the

voter's intent and shall supercede any prior Ballot.  The following Ballots shall not be counted or considered for any purpose in determining whether the Plan has been accepted or rejected:  (a) any Ballot received after the Voting Deadline unless the Debtor shall have granted an extension of the Voting Deadline with respect to such Ballot; (b) any Ballot that is illegible or contains insufficient information to permit the identification of the claimant; (c) any Ballot cast by a person or entity that does not hold a claim or does not hold a claim in a class that is entitled to vote to accept or reject the Plan; and (d) any unsigned Ballot.  In accordance with Local Bankruptcy Rule 3018-1(c), if the Balloting Agent deems ineffective or otherwise does not count a Ballot for any of the above-specified reasons or any other reason, the Debtor's counsel or Balloting Agent will give notice of that fact to the creditor who casted the discounted Ballot at least seven (7) days prior to the Confirmation Hearing.

12.     Any Ballot that is properly completed, executed, and timely returned to the Balloting Agent, but does not indicate an acceptance or rejection of the Plan, that indicates both an acceptance and rejection of the Plan, or that seeks to partially accept and partially reject the Plan shall be deemed to accept the Plan.

13.     The Debtor shall cause to be distributed Solicitation Packages to all Holders of Claims entitled to vote to accept or reject the Plan in accordance with the Motion in satisfaction of the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules.

14.     On the Solicitation Date, the Debtor shall provide (a) a complete Solicitation Package (excluding Ballots) to the Office of the United States Trustee for the Eastern District of New York and (b) the Disclosure Statement Order (excluding the exhibits thereto) and the

Confirmation Hearing Notice to all parties who have filed requests for notices under Bankruptcy Rule 2002 as of the Voting Record Date.

15.     The Debtor is not required to mail Solicitation Packages or other solicitation materials to Holders of Claims that have already been paid in full during this Chapter 11 case or that are authorized to be paid in full in the ordinary course of business pursuant to order previously entered by the Court.

16.     All votes to accept or reject the Plan must be **clearly** set forth on the appropriate Ballot, each of which must be properly executed, completed, and delivered in accordance with and pursuant to the Solicitation and Voting Procedures (the applicable provisions of which are also included in the instructions accompanying each Ballot) so that all Ballots are **actually received** on or before the Voting Deadline by the Debtor.

17.     Any Ballots received **after** the Voting Deadline may be counted only in the sole and absolute discretion of the Debtor.

18.     Objections to the Plan will not be considered by the Court unless such objections are timely field and properly served in accordance with the Disclosure Statement Order. Specifically, all objections to Confirmation of the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the Court; (c) state the name and address of the objecting party and the amount and nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received on or prior to the Plan Objection Deadline by the following parties (collectively, the "**Notice Parties**"):

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Laurence May, Esq.
Mark Tsukerman, Esq.
900 Third Avenue
New York, NY  10022
(212) 752-8000
Fax:  (212) 752-8393
*Counsel for Commack Hospitality LLC*

OFFICE OF THE UNITED STATES TRUSTEE
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, New York 11722

19.     Nothing in this Disclosure Statement Order shall be construed as a waiver of the right of the Debtor or any other party in interest, as applicable, to object to a Proof of Claim after the Record Date.

20.     All time periods set forth in this Disclosure Statement Order shall be calculated in accordance with Bankruptcy Rule 9006(a) and Local Bankruptcy Rule 9006-1 for the Eastern District of New York.

21.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Disclosure Statement Order in accordance with the Motion

22.     The terms and conditions of this Disclosure Statement Order shall be immediately effective and enforceable upon its entry.

23.     Counsel for the Debtor shall file an affidavit and/or brief in support of confirmation at least seven (7) days prior to the Confirmation Hearing Date.

Dated: August 8, 2014
       Central Islip, New York

_____
                    Alan S. Trust
            United States Bankruptcy Judge

# **EXHIBIT 1**

## **Disclosure Statement Insert**

### Statement Regarding Stabilis Master Fund III, LLC

Stabilis Master Fund III, LLC ("Stabilis") is the holder of a note and mortgage on the Debtor's Property.[2]  Stabilis purchased the claim from GECC in or about April, 2013 for an undisclosed price.  Stabilis filed a proof of claim, Claim Number 10-1, in which it asserts a secured claim in the amount of $12,629,257.34.  The Debtor filed an objection to the amount of Stabilis' claim, alleging that Stabilis overstated its claim by approximately $1.5 million.  (*See* Docket No. 44.)  The amount of the Stabilis' claim will be decided by the Bankruptcy Court or another court of competent jurisdiction.

Stabilis contends that the Debtor's Plan is not "feasible" because it is "highly speculative."  The "feasibility" requirement of confirmation is discussed at page 3 of the Disclosure Statement.  When deciding whether a plan is feasible, courts will consider different facts but in large measure whether a plan is feasible is fact specific.  More broadly, feasibility is judged by "whether the plan offers a reasonable assurance of success."  *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 649 (2d Cir. 1988). A plan's feasibility is decided at a confirmation hearing and it is the Debtor's obligation to demonstrate feasibility.  The Debtor disagrees with Stabilis' view as to the Plan's feasibility and believes that it will prevail on this issue at confirmation.

Stabilis has the right to object to the Plan on any legally permissible grounds, and to raise any and all issues concerning feasibility as are legally permissible.

Stabilis also intends to object to confirmation of the Plan on the ground that the proposed treatment of the Stabilis Claim is not "fair and equitable."  Stabilis intends to raise a number of arguments in support of this objection regarding the proposed rate of interest on its claim, the duration of the pay down of its claim and the use of the excess cash generated from the LIWEN Lease.  The Debtor believes the Plan is fair and equitable as it relates to the Stabilis Claim.

Stabilis has the right to object to the Plan on any legally permissible grounds, and to raise any and all issues concerning whether the Plan is fair and equitable as are legally permissible.

Stabilis further contends that the Plan cannot be confirmed on the basis that it appears to improperly cancel or modify guarantees provided to Stabilis by non-Debtor parties, provides for the release of these guarantors and/or purports to enjoin proceedings to enforce the guarantees provided by these non-Debtor guarantors.

Stabilis has the right to object to the Plan on any legally permissible grounds, and to raise any and all issues concerning the impropriety of the cancellation or modification of non-Debtor guarantees, the release of non-Debtor guarantors, and injunctive relief as are legally permissible.

The Bankruptcy Code authorizes confirmation of a plan over the rejection of a secured creditor if the treatment of the secured creditor's claim is fair and equitable.  Confirmation of a

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Second Amended Disclosure Statement.

plan despite the rejection of the plan by a class of creditors is referred to as a "cramdown."  The requirements for "cramdown" of a claim held by a secured creditor are discussed at pages 4 and 21 through 22 of this Disclosure Statement.  It is the Debtor's burden to prove that the Plan is fair and equitable at the confirmation hearing.  Absent a consensual resolution by the parties, the Bankruptcy Court will determine whether the treatment of Stabilis' Claim under the Plan is fair and equitable or alternatively, it may determine what treatment would be fair and equitable.

In the event the Debtor does not satisfy the requirements of confirmation at the scheduled confirmation hearing, the following events are the likely consequences:  (1) the Debtor may have an opportunity to cure any defect and proceed with confirmation of a revised or amended plan; (2) the Bankruptcy Court may dismiss the bankruptcy case, which would result in the continuation of Stabilis' foreclosure suit against the Property; or (3) the Bankruptcy Court may convert the case to a case under Chapter 7 and a trustee would be appointed to liquidate the Debtor's assets.  As more fully set forth in VII of the Disclosure Statement and in the liquidation analysis annexed as Exhibit C to the Disclosure Statement, under either alternative to confirmation and consummation of the Plan unsecured creditors would most likely receive no distribution on account of their Claims.

**<u>EXHIBIT 2A</u>**

**Class 1 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                          Case No. 14-70931 (AST)

COMMACK HOSPITALITY, LLC,                        Chapter 11

                        Debtor.

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF**
**REORGANIZATION FOR COMMACK HOSPITALITY LLC**

**CLASS I BALLOT FOR HOLDER OF THE SECURED CLAIM**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED THIS BALLOT MUST BE**
**COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u>**
**BY THE DEBTOR BY [__]:00 P.M. PREVAILING EASTERN TIME ON [_____],**
**2014 (THE "<u>VOTING DEADLINE</u>").**

 The above-captioned debtor (the "<u>Debtor</u>") is soliciting votes with respect to the *Second Amended Chapter 11 Plan of Reorganization for Commack Hospitality LLC* (as may be further amended from time to time, the "<u>Plan</u>") as set forth in the *Second Amended Disclosure Statement With Respect to Plan of Reorganization Proposed by Commack Hospitality, LLC*, dated June 16, 2014 (as may be further amended from time to time, the "<u>Disclosure Statement</u>").  The Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") has approved the Disclosure Statement as containing adequate information pursuant to section 1125 of the Bankruptcy Code, by entry of an order on [_____], 2014 (the "<u>Disclosure Statement Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Plan.

 You are receiving this Ballot because the Debtor's records indicate that you are the Holder of a Class I Secured Claim as of the Record Date ([_____], 2014).  If you hold Claims in more than one Class, you will receive a Ballot for each Class in which you are entitled to vote.

 Your rights are described in the Disclosure Statement, which was included in the Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement Order, and certain other materials).  If you received Solicitation Package materials in CD-ROM format and desire paper copies, or if you need to obtain additional Solicitation Packages, you

may (a) contact the Debtor through its counsel by telephone at (212) 752-8000 or by e-mail at mtsukerman@coleschotz.com; or (b) download such documents by visiting the Bankruptcy Court's website at **http://www.nyeb.uscourts.gov/**.

If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtor immediately at the telephone number or email address set forth above.

## VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT

This Ballot does not constitute and shall not be deemed to constitute (i) a Proof of Claim or an assertion of a Claim, (ii) an admission by the Debtors of the nature, validity or amount of any Claim.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Do not enclose notes or securities with your completed Ballot.

1.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box on the face of the Ballot.

2.      Please indicate the amount of your Claim in the appropriate space on the face of the Ballot.  The amount of your Claim as set forth by you on this Ballot does not necessarily constitute an Allowed Claim under the Plan.  The amount of your Claim may be subject to further reconciliation and an objection may be interposed to your Claim in the Bankruptcy Court, which may effect your vote.

3.      After providing all remaining information requested on the Ballot, please sign, date and return this Ballot by fax, email, mail, overnight courier or hand delivery to be received by no later than _____**, 2014, at 5:00 p.m.**, to the following address:

Commack Balloting Agent
Cole, Schotz, Meisel, Forman & Leonard, P.A.
900 Third Avenue
16th Floor
New York, NY 10022
Attn:  Mark Tsukerman, Esq.
Fax 212.752.8393
Email: mtsukerman@coleschotz.com

4.      The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least 2/3 in amount and more than 1/2 in number of Impaired Claims in a Class.  The votes of the Claims actually voted in your Class will bind those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if at least one Impaired Class of Claims has accepted the Plan and the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the Classes rejecting it.

5. You must vote all of your Claims within a single Class to either accept or reject the Plan. A Ballot that partially rejects and partially accepts the Plan will not be counted. A Ballot that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

6. Your signature is required in order for your vote to be counted. You are also required to provide your social security number or Tax I.D. number before receiving any distribution. If the Claims voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner. If the Claim is held by a corporation, the Ballot must be executed by an officer. If you are signing in a representative capacity, also indicate your title after your signature.

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1. Vote on the Plan.** The undersigned holder of the Class 1 Secured Claim, hereby votes to:

<u>**Check one box**</u>:     ☐     Accept the Plan

                          ☐     Reject the Plan

                    Amount of Claim: $_____

**ITEM 2. Acknowledgments and Certification.** By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code, dated June 16, 2014. The undersigned certifies that (i) it is the holder of the Class 1 Section Claim Against the Debtor, and (ii) it has full power and authority to vote to accept or reject the Plan. The undersigned understands that if the Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, then this Ballot will be counted as an acceptance of the Plan.

Signed: _____

Name of Claimant (Print): _____

Title: _____
    (Please sign exactly as name or names appear hereon. Full title of one signing in representative capacity should be
    clearly designated after signature. Names of all joint holders should be written even if signed by one.)

Name of Institution: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Dated: _____

Tax I.D. or Social Security Number: _____

<u>ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN
ACCEPTANCE OR REJECTION OF THE PLAN SHALL BE COUNTED AS AN
ACCEPTANCE.</u>

# EXHIBIT 2B

**Class 2 Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                        Case No. 14-70931 (AST)

COMMACK HOSPITALITY, LLC,                      Chapter 11

                    Debtor.

**BALLOT FOR VOTING TO ACCEPT OR REJECT THE CHAPTER 11 PLAN OF**
**REORGANIZATION FOR COMMACK HOSPITALITY LLC**

**CLASS II BALLOT FOR HOLDERS OF**
**GENERAL UNSECURED CLAIMS**

PLEASE READ AND FOLLOW THE ENCLOSED INSTRUCTIONS FOR COMPLETING
THIS BALLOT CAREFULLY BEFORE COMPLETING THIS BALLOT.

**IN ORDER FOR YOUR VOTE TO BE COUNTED THIS BALLOT MUST BE**
**COMPLETED, EXECUTED, AND RETURNED SO AS TO BE <u>ACTUALLY RECEIVED</u>**
**BY THE DEBTOR BY [__]:00 P.M. PREVAILING EASTERN TIME ON [_____],**
**2014 (THE "<u>VOTING DEADLINE</u>").**

      The above-captioned debtor (the "<u>Debtor</u>") is soliciting votes with respect to the *Second
Amended Chapter 11 Plan of Reorganization for Commack Hospitality LLC* (as may be further
amended from time to time, the "<u>Plan</u>") as set forth in the *Second Amended Disclosure Statement
With Respect to Plan of Reorganization Proposed by Commack Hospitality, LLC*, dated June 16,
2014 (as may be further amended from time to time, the "<u>Disclosure Statement</u>").  The
Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") has approved
the Disclosure Statement as containing adequate information pursuant to section 1125 of the
Bankruptcy Code, by entry of an order on [_____], 2014 (the "<u>Disclosure Statement
Order</u>").  Bankruptcy Court approval of the Disclosure Statement does not indicate approval of
the Plan by the Bankruptcy Court.  Capitalized terms used but not otherwise defined herein shall
have the meanings set forth in the Plan.

      You are receiving this Ballot because the Debtor's records indicate that you are the
Holder of a Class II General Unsecured Claim as of the Record Date ([_____], 2014).  If
you hold Claims in more than one Class, you will receive a Ballot for each Class in which you
are entitled to vote.

      Your rights are described in the Disclosure Statement, which was included in the
Solicitation Package you are receiving with this Ballot (as well as the Plan, Disclosure Statement

Approval Order, and certain other materials).  If you received Solicitation Package materials in CD-ROM format and desire paper copies, or if you need to obtain additional Solicitation Packages, you may (a) contact the Debtor through its counsel by telephone at (212) 752-8000 or by e-mail at mtsukerman@coleschotz.com; or (b) download such documents by visiting the Bankruptcy Court's website at **http://www.nyeb.uscourts.gov/**.

If you believe you have received this Ballot in error, or if you believe that you have received the wrong Ballot, please contact the Debtor immediately at the telephone number or email address set forth above.

**VOTING INSTRUCTIONS FOR COMPLETING THE BALLOT**

This Ballot does not constitute and shall not be deemed to constitute (i) a Proof of Claim or an assertion of a Claim, (ii) an admission by the Debtors of the nature, validity or amount of any Claim.  This Ballot is not a letter of transmittal and may not be used for any purpose other than to cast votes to accept or reject the Plan.  Do not enclose notes or securities with your completed Ballot.

7.      This Ballot is submitted to you to solicit your vote to accept or reject the Plan. Please indicate your vote by marking an "x" in the appropriate box on the face of the Ballot.

8.      Please indicate the amount of your Claim in the appropriate space on the face of the Ballot.  The amount of your Claim as set forth by you on this Ballot does not necessarily constitute an Allowed Claim under the Plan.  The amount of your Claim may be subject to further reconciliation and an objection may be interposed to your Claim in the Bankrupcy Court, which may effect your vote.

9.      After providing all remaining information requested on the Ballot, please sign, date and return this Ballot by fax, email, mail, overnight courier or hand delivery to be received by no later than _____**, 2014, at 5:00 p.m.**, to the following address:

Commack Balloting Agent
Cole, Schotz, Meisel, Forman & Leonard, P.A.
900 Third Avenue
16th Floor
New York, NY 10022
Attn:  Mark Tsukerman, Esq.
Fax 212.752.8393
Email: mtsukerman@coleschotz.com

10.     The Plan can be confirmed by the Bankruptcy Court and thereby made binding if it is accepted by the holders of at least 2/3 in amount and more than 1/2 in number of Impaired Claims in a Class.  The votes of the Claims actually voted in your Class will bind those who do not vote.  If the requisite acceptances are not obtained, the Bankruptcy Court may nevertheless confirm the Plan if at least one Impaired Class of Claims has accepted the Plan and the Bankruptcy Court finds that the Plan accords fair and equitable treatment to, and does not discriminate unfairly against, the Classes rejecting it.

11.     You must vote all of your Claims within a single Class to either accept or reject the Plan.  A Ballot that partially rejects and partially accepts the Plan will not be counted.  A Ballot that fails to indicate acceptance or rejection of the Plan will be counted as an acceptance.

12.     Your signature is required in order for your vote to be counted.  You are also required to provide your social security number or Tax I.D. number before receiving any distribution.  If the Claims voted with this Ballot are held by a partnership, the Ballot should be executed in the name of the partnership by a general partner.  If the Claim is held by a corporation, the Ballot must be executed by an officer.  If you are signing in a representative capacity, also indicate your title after your signature.

**PLEASE COMPLETE THE FOLLOWING:**

**ITEM 1.  Vote on the Plan.**  The undersigned holder of a Class 2 General Unsecured Claim, hereby votes to:

**Check one box**:        ☐        Accept the Plan

                    ☐        Reject the Plan

                    Amount of Claim: $_____

**ITEM 2.    Acknowledgments and Certification.**  By signing this Ballot, the undersigned acknowledges that the undersigned has been provided with a copy of the Disclosure Statement pursuant to Section 1125 of the Bankruptcy Code, dated June 16, 2014.  The undersigned certifies that (i) it is the holder of a Class 2 General Unsecured Claim Against the Debtor, and (ii) it has full power and authority to vote to accept or reject the Plan.  The undersigned understands that if the Ballot is validly executed but does not indicate either acceptance or rejection of the Plan, then this Ballot will be counted as an acceptance of the Plan.

Signed: _____

Name of Claimant (Print): _____

Title: _____
        (Please sign exactly as name or names appear hereon. Full title of one signing in representative capacity should be
        clearly designated after signature. Names of all joint holders should be written even if signed by one.)

Name of Institution: _____

Street Address: _____

City, State and Zip Code: _____

Telephone Number: _____

Dated: _____

Tax I.D. or Social Security Number: _____

ANY BALLOT WHICH IS PROPERLY EXECUTED BUT DOES NOT INDICATE AN
ACCEPTANCE OR REJECTION OF THE PLAN SHALL BE COUNTED AS AN
ACCEPTANCE.

# EXHIBIT 3

**Confirmation Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:

COMMACK HOSPITALITY, LLC,

                              Debtor.

Case No. 14-70931 (AST)

Chapter 11

---

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF SECOND AMENDED**
**CHAPTER 11 PLAN OF REORGANIZATION FOR COMMACK HOSPITALITY, LLC**

> **TO:    ALL HOLDERS OF CLAIMS, HOLDERS OF INTERESTS, AND**
> **PARTIES IN INTEREST IN THE ABOVE-CAPTIONED CHAPTER 11 CASE**

> **PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      **Approval of the Disclosure Statement and Solicitation and Voting**

**Procedures**.  On [_____], 2014, the United States Bankruptcy Court for the Eastern

District of New York (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Disclosure Statement</u>

<u>Order</u>") pursuant to which the Bankruptcy Court: (a) authorized the above-captioned debtor (the

"<u>Debtor</u>") to solicit acceptances for the Debtor's *Second Amended Chapter 11 Plan of*

*Reorganization for Commack Hospitality, LLC* (as may be further amended from time to time,

the "<u>Plan</u>"); (b) approved procedures for soliciting, receiving and tabulating votes on the Plan

and for filing objections to the Plan (the "<u>Solicitation and Voting Procedures</u>"); and (c) approved

the *Second Amended Disclosure Statement With Respect to Plan of Reorganization Proposed by*

*Commack Hospitality, LLC* (as may be amended from time to time, the "<u>Disclosure Statement</u>").

Please note that capitalized terms used but not otherwise defined in this notice have the meanings

set forth in the Plan.

2.      **The Confirmation Hearing Date**.  The hearing at which the Bankruptcy Court

will consider confirmation of the Plan (the "Confirmation Hearing") will commence at [____]

_.m., prevailing Eastern Time, on [_____], 2014 before the Honorable Alan S. Trust,

United States Bankruptcy Judge, in the United States Bankruptcy Court for the Eastern District

of New York, located at the Alfonso M. D'Amato Federal Courthouse, 290 Federal Plaza,

Courtroom 960, Central Islip, New York  11722.

**PLEASE BE ADVISED**: THE CONFIRMATION HEARING MAY BE CONTINUED
FROM TIME TO TIME BY THE BANKRUPTCY COURT OR THE DEBTOR WITHOUT
FURTHER NOTICE OTHER THAN BY ANNOUNCING SUCH ADJOURNMENT IN
OPEN COURT OR BY A NOTICE OF ADJOURNMENT FILED BY THE DEBTOR.

## CRITICAL INFORMATION REGARDING VOTING ON THE PLAN

3.      **Voting Record Date**.  The voting record date is [_____], 2014 (the "Record

Date"), which is the date for determining which Holders of Claims are entitled to vote on the

Plan.

4.      **Voting Deadline**.  The deadline for voting on the Plan is 5:00 p.m., prevailing

Eastern Time, on [_____], 2014 (the "Voting Deadline"). If you received a Solicitation

Package including a Ballot, and intend to vote on the Plan, in order for your vote to be counted

you must: (a) follow the instructions carefully, (b) complete all the required information on the

Ballot, and (c) execute and return your completed Ballot so that it is **actually received** by the

Debtor according to and as set forth in detail in the voting instructions on or before the Voting

Deadline.  *A failure to follow such instructions may disqualify your vote*.

## CRITICAL INFORMATION REGARDING OBJECTING TO THE PLAN

**ARTICLE V** OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND
INJUNCTION PROVISIONS.  THUS, YOU ARE ADVISED TO REVIEW AND
CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE
AFFECTED THEREUNDER.

5.    **Plan Objection Deadline**. The deadline for filing objections to the Plan is

[_____], 2014 at 5:00 p.m., prevailing Eastern Time (the "<u>Plan Objection Deadline</u>").

6.    **Objections to the Plan**.  All objections, if any, to the Plan must: (a) be in writing;

(b) conform to the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of the

Bankruptcy Court; (c) state the name and address of the objecting party and the amount and

nature of the Claim or Interest of such Entity; (d) state with particularity the basis and nature of

any objection to the Plan and, if practicable, a proposed modification to the Plan that would

resolve such objection; and (e) be filed, contemporaneously with a proof of service, with the

Bankruptcy Court and served so that it is **actually received** no later than the Plan Objection

Deadline by the following parties (the "<u>Notice Parties</u>"):

| |
|---|
| COLE, SCHOTZ, MEISEL, <br> FORMAN & LEONARD, P.A. <br> Laurence May, Esq. <br> Mark Tsukerman, Esq. <br> 900 Third Avenue <br> New York, NY  10022 <br> (212) 752-8000 <br> Fax:  (212) 752-8393 <br> *Counsel for Commack Hospitality LLC* |
| OFFICE OF THE UNITED STATES TRUSTEE <br> Long Island Federal Courthouse <br> 560 Federal Plaza <br> Central Islip, New York 11722 |

## ADDITIONAL INFORMATION

7.    **Obtaining Solicitation Materials**.  If you received Solicitation Package materials

in CD-ROM format and desire paper copies, or if you need to obtain additional Solicitation

Packages, you may (a) contact the Debtor c/o its counsel by telephone at (212) 752-8000 or by

email at mtsukerman@coleschotz.com; or (b) download such documents by visiting the

Bankruptcy Court's website at http://www.nyeb.uscourts.gov/.

---

**BINDING NATURE OF THE PLAN**:

THE PLAN SHALL BIND ALL HOLDERS OF CLAIMS AND INTERESTS TO THE
MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, WHETHER OR NOT SUCH
HOLDER WILL RECEIVE OR RETAIN ANY PROPERTY OR INTEREST IN PROPERTY
UNDER THE PLAN, HAS FILED A PROOF OF CLAIM OR INTEREST IN THE
DEBTOR'S CHAPTER 11 CASE, OR FAILED TO VOTE TO ACCEPT OR REJECT THE
PLAN, OR VOTED TO REJECT THE PLAN.

---